JOHN WEIGAND, Appellant, *vs.* MARIE M. RUTSCHKE *et al.* Appellees.

*Opinion filed February 23, 1912.*

1. WITNESSES—*extent to which husband of a deceased grantor may testify as to delivery of the deed.* The husband of a deceased grantor cannot testify to any of her statements or conversations for the purpose of showing delivery of the deed, but he may testify to the acts which he witnessed with reference to such delivery.

2. DEEDS—*question of delivery of deed is a mixed question of law and fact.* Whether a deed was delivered so as to take effect as a present conveyance of the title is a mixed question of law and fact, to be determined from a consideration of the words and acts of the parties in connection with the circumstances surrounding the transaction.

3. SAME—*mere placing of a deed in hands of grantee is not necessarily a delivery.* The mere placing of a deed in the hands of the grantee does not necessarily constitute a delivery, but the

question is whether the deed was then intended by the parties to take effect according to its terms.

4. SAME—*what acts conclusively show that deed was not intended to operate immediately.* The facts that the grantor in a voluntary conveyance in the form of a statutory warranty deed containing no restrictions did not want the deed recorded until her death, and that after handing the deed to the grantee she took possession of it again and kept it under her control until her death, paying the taxes on the property and keeping it in repair and requiring the grantee to pay rent, conclusively show that the parties did not intend the deed should immediately become operative.

5. SAME—*fact that grantor intended deed to become operative at her death is not sufficient.* The fact that the grantor in a statutory warranty deed to her daughter intended the deed to become operative at her death does not make the deed effective even though it is a voluntary conveyance, where there is no delivery before that time with the present intention of passing the title according to the terms of the deed.

6. SAME—*when retention of a deed and control of property by grantor are inconsistent with delivery.* Where a deed is a statutory warranty deed without any reservation of a life estate in the grantor, the facts that the grantor, after handing the deed to the grantee, takes possession of it again and retains control of it and the property until her death, paying taxes and keeping up repairs and requiring the grantee to pay rent, are inconsistent with the vesting of title in the grantee according to the terms of the deed.

7. PARTIES—*bill to set aside deed should make all persons parties who are entitled to share in the land.* A bill to set aside a deed should make all persons entitled to share in the land, in the event the deed is set aside, parties to the suit, in order that the decree rendered may be binding upon all interests.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

GEORGE M. MORGAN, for appellant.

JOHN G. FRIEDMEYER, and C. A. JONES, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant, John Weigand, filed his bill in the circuit court of Sangamon county to set aside a deed from Marie E. Weigand, his mother, (now dead,) to Marie M.

Rutschke, his sister, on the ground that it had not been delivered. The court dismissed the bill after a hearing upon the evidence, and the complainant having appealed, insists that the decree is contrary to the evidence.

Marie E. Weigand, in July, 1903, was the owner of real estate in the city of Springfield, including the property in controversy, which was then a vacant lot. Michael Weigand was her husband, and they had three sons, John, Fred and Henry, and two daughters, Catherine Cole and the appellee Marie. Marie was then soon to be married to appellee Paul Rutschke, and her parents signed a deed, dated July 7, 1903, conveying the lot in controversy to her, which was acknowledged before a notary public on August 25, 1903. Mrs. Weigand during the summer of 1903 built a dwelling house on the lot, and immediately after their marriage, which occurred in the summer or fall of that year, it was occupied by Marie and her husband, who have occupied it ever since. They paid rent to Mrs. Weigand, and Mrs. Weigand paid the taxes, made repairs and kept the house insured at her own expense. She died in May, 1909, leaving a will, naming her daughter Mrs. Rutschke as executrix, by which, after giving a life estate to her husband in certain real estate other than the lot in controversy, she disposed of all the remainder of her property without describing any of it specifically. The deed had not been recorded but was kept with other papers in a tin box, of which Mrs. Weigand had the key. Shortly after her mother's death Mrs. Rutschke took the deed and had it recorded.

The competent testimony in regard to the delivery of the deed besides that of Michael Weigand, the husband, consisted of statements made by Mrs. Weigand to various persons, before her daughter's marriage and afterward, that she intended to give that lot to Marie and that she intended to build a house on it for her; that she had given her the lot, and that she had given the deed for the lot to Marie and intended to build the house on the lot for her. She

also stated that she did not want the deed recorded until her death, and that Marie was to pay rent for the house until her death and then the deed could be recorded afterward. Michael Weigand testified that after the deed had been signed and taken home his wife handed it to Marie, who handed it back to her, and it was then put in the tin box, where it was when Mrs. Weigand died. This was a box belonging to his wife, in which she kept papers. It was locked and she kept the key. Mrs. Rutschke had papers belonging to her in the box and all the members of the family had papers in it. Mrs. Weigand permitted other members of the family to put papers in the box. If any of the family wanted to put papers in the box she would put them in herself, and whenever they wanted their papers they would go to her and ask for them. When the box was opened it contained other papers, among them the will of Mrs. Rutschke. The testimony of this witness was objected to because he was the husband of Mrs. Weigand, and so far as it refers to any statements made by Mrs. Weigand or any of her conversation it was incompetent, but he was a competent witness to testify as to the delivery of the deed. (*Baker* v. *Baker,* 239 Ill. 82; *White* v. *Willard,* 232 id. 464.) Mrs. Rutschke and her husband both testified before the master, but it is conceded that they were not competent witnesses and their testimony cannot be considered.

Whether the deed was delivered so as to take effect as a present conveyance of the title was a mixed question of law and fact, to be determined from a consideration of the words and acts of the parties in connection with the circumstances surrounding the transaction. It is indispensable to a delivery that the grantor shall part with control over the deed, with the intention that it shall immediately become operative to convey the estate described in it. (*Byars* v. *Spencer,* 101 Ill. 429; *Cline* v. *Jones,* 111 id. 563; *Provart* v. *Harris,* 150 id. 40; *Wilson* v. *Wilson,* 158 id. 567; *Shults* v. *Shults,* 159 id. 654; *Brown* v. *Brown,*

167 id. 631; *Walter* v. *Way,* 170 id. 96.) The mere placing of a deed in the hands of the grantee does not necessarily constitute a delivery. The question is one of intention whether the deed was then intended by the parties to take effect according to its terms. *Wilson* v. *Wilson, supra; Oliver* v. *Oliver,* 149 Ill. 542; *Hollenbeck* v. *Hollenbeck,* 185 id. 101; *Russell* v. *Mitchell,* 223 id. 438; *Oswald* v. *Caldwell,* 225 id. 224; *Elliott* v. *Murray,* id. 107.

The instrument in question was a statutory warranty deed in the ordinary form, with no exceptions or reservations. If it had taken effect according to its terms it would have conveyed to the grantee a present estate in fee simple in the property. That it was not intended to be absolute and was not intended to operate immediately is conclusively shown by the acts of the parties. Though the grantee occupied the property as soon as it was ready for occupancy, she did so not claiming under the deed but as the tenant of her mother, to whom she paid rent, and the latter paid the taxes, repaired the property at her own expense and kept it insured in her own name. The deed itself was in the hands of the grantee for only a few minutes and was immediately handed back to the grantor, who did not wish it to be recorded, and it remained in her possession and under her dominion and control until her death. The instrument was in the nature of a voluntary settlement, and in such cases more liberal presumptions prevail in favor of the delivery of deeds than in cases of bargain and sale. (*Baker* v. *Hall,* 214 Ill. 364; *Riegel* v. *Riegel,* 243 id. 626; *Hill* v. *Kreiger,* 250 id. 408.) The intention of the grantor to have the title vest immediately in the grantee is regarded as more important in voluntary settlements than the manual possession of the deed, and the retention of the deed by the grantor is not conclusive against its validity if there are no other circumstances showing that the grantor did not intend it to be absolute. (*Cline* v. *Jones, supra; Shults* v. *Shults, supra.*) Where the deed reserves a life

estate to the grantor a presumption arises that the deed was intended to take effect immediately, since there would otherwise be no occasion for the reservation. (*Baker* v. *Hall, supra; Riegel* v. *Riegel, supra; Hill* v. *Kreiger, supra; Valter* v. *Blavka,* 195 Ill. 610.) In this case, however, there was no reservation in the deed, and in addition to retaining the possession and control of it the grantor continued to deal with the property as her own during her lifetime and required of the grantee the payment of rent. Such acts were inconsistent with the vesting of title in the grantee according to the deed. Had there been a delivery of the deed to a third party in escrow a different question would have arisen. An understanding that a grantor shall hold the deed until the performing of a condition or happening of a contingency is of no effect. It is certain that the grantor did not intend that the grantee should become the owner of this property, according to the terms of the deed, during the grantor's lifetime. It was the manifest intention that the daughter should have the property after her mother's death, but this intention not having been manifested in the manner required by the law for that purpose, cannot be given effect against the consent of the other heirs. *Cline* v. *Jones, supra; Spacy* v. *Ritter,* 214 Ill. 266; *Hawes* v. *Hawes,* 177 id. 409.

The only parties to this bill are the appellant and his sister (the grantee in the deed) and her husband. The other two brothers and the sister, under the will of Mrs. Weigand, are interested in her estate and the property here involved equally with the appellant and the appellee Mrs. Rutschke. They should be made parties to the suit in order that any decree which may be rendered may bind all interests, and the complainant should be permitted to amend his bill for that purpose.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*