(No. 20180.—

EVERETT W. OSGOOD, Appellant, *vs.* MARIE OSGOOD McKEE, Appellee.

*Opinion filed April 23, 1931.*

LESLIE H. WHIPP, for appellant.

GEORGE J. DREISKE, for appellee.

Mr. Justice Duncan delivered the opinion of the court:

This is an appeal by appellant, Everett W. Osgood, from a decree of the circuit court of Cook county dismissing his bill for partition of certain real estate in the city of Chicago for want of equity.

In his bill appellant alleged that he and appellee, Marie Osgood McKee, his sister, were the owners, each of a one-half interest as tenants in common, of lot 4 in Harris' subdivision of lots 56 and 57 in Kenwood subdivision of the southeast fractional quarter of section 2, in township 38 north, range 14 east of the third principal meridian, commonly known as 4544 Oakenwald avenue, in the city of Chicago; that they derived title to the real estate by descent from their mother, Mary J. Osgood, who died intestate on or about June 13, 1924, leaving appellant and appellee as her only heirs-at-law. Appellee and a tenant of the property, and the "unknown owner or owners" of the property, were made defendants to the bill, which prayed for a partition of the property. In her answer to the bill appellee denied that appellant had any interest in the property, and alleged that her mother in her lifetime executed and delivered a deed conveying the property to appellee; that the deed was delivered to a third party, with directions that the deed should be delivered to appellee upon the death of the grantor, and that upon the death of the grantor it was delivered by the third party to appellee and was placed of record on the deed records of Cook county. After hearing the evidence of the parties the court dismissed appellant's bill for want of equity.

The evidence for appellant was to the effect that after his mother acquired title to the real estate in question, which is improved with a three-story residence building, appellant, for her and up until her death, June 13, 1924, collected the rent, paid the taxes and kept the building insured in her name; that he made repairs and improvements on the property, the expense of which was paid for by his mother;

that at the time of his mother's death the expense of certain repairs on the building had not been paid and a claim therefor was allowed against her estate and paid by the administrator, and that his mother died intestate, leaving appellant and appellee as her only heirs-at-law.

On December 13, 1921, the mother of the parties, Mary J. Osgood, executed and acknowledged a warranty deed in the usual form purporting to convey the premises in question to Marie Osgood McKee "for and in consideration of one dollar in hand paid and natural love and affection and other good and valuable considerations." The deed contained the following provision: "It is expressly understood and agreed between the parties hereto, that this deed shall go into effect, upon the death of the grantor, Mary J. Osgood, and that if there are any liens upon said lot at the time of the death of the grantor, grantee herein will assume and pay the same." On the day of the date of the deed Mrs. Osgood, the grantor, and Mrs. McKee, the grantee, went to the First Trust and Savings Bank of Chicago and Mrs. Osgood signed a "special deposit agreement," which was dictated by a clerk in the trust department of the bank, and left the deed and signed agreement at the bank. A copy of the agreement was given to Mrs. McKee. The agreement signed by Mrs. Osgood is as follows:

"CHICAGO, ILL., *Dec. 13th, 1921.*

"The undersigned has this day deposited for safe keeping with the First Trust and Savings Bank, at Chicago, Illinois, a warranty deed of even date herewith, from the undersigned, Mary J. Osgood, grantor therein, to her daughter, Marie Osgood McKee, wife of William L. McKee, grantee therein, all residing at 4728 Kenwood avenue, Chicago, Illinois, conveying the following described premises: [The premises are here described.]

"I hereby direct that at my decease, the said warranty deed shall be delivered to the said Marie Osgood McKee, or her legal representatives, or her agents duly appointed in writing, and filed with the said bank. The delivery of said deed to be made only upon the deposit with the said bank of a certified copy of the certificate of death of the undersigned, Mary J. Osgood, with such other evidence of death as said bank may require.

"It is understood and agreed that said deed shall not be placed on record in the recorder's office until the decease of the undersigned, and said bank shall have no duty in regard to the recordation thereof.

"It is further understood and agreed that either party to this agreement may examine said deposit at any time at the office of said bank; that this agreement is a personal one, the duty of the depositary being only to the parties hereto, their heirs, executors and administrators, and to no other person whomsoever; that neither party to this agreement will assign or attempt to assign the same or any interest thereunder; that said bank assumes no liability, except what is expressed in this agreement, and that in case said bank should become involved in litigation on account of said deposit or on account of this agreement, the undersigned will, on demand, pay said bank in addition to its charge as depositary, its reasonable charges, counsel and attorney fees, disbursements and expenses in connection with such litigation."

The bank signified its intention to be bound by the contract by subscribing to the following words written just below the signature of Mary J. Osgood to the agreement:

"Received the within described deed.

FIRST TRUST AND SAVINGS BANK,

By J. P. Julin, *Asst. Trust Officer.*"

After the death of her mother, and on June 13, 1924, Mrs. McKee went to the bank with a copy of the official certificate of the death of her mother and obtained the deed and on that date filed it for record.

Exhibits introduced in evidence showed that before the decree dismissing appellant's bill was entered the estate of Mrs. Osgood had been settled and the administrator discharged; that the assets of the estate collected and accounted for by the administrator amounted to $18,923.26; that the real property in question was not listed in the inventory of the estate but that other real estate owned by Mrs. Osgood at the time of her death was so listed, and that all objections of appellant to the administrator's supplemental inventory had been removed by an agreement between the heirs awarding certain goods and chattels to Mrs. McKee and canceling certain notes of appellant payable to his mother. The notes of appellant owing to his mother

and canceled in that compromise amounted to $1335. Appellant and appellee had a right to settle up the estate by agreement, and the settlement aforesaid eliminated all questions of appellee's having to pay any lien against the property of her mother deeded to her as aforesaid. Appellant is therefore estopped to make the claim in this proceeding that appellee should pay any lien against said property.

It is the contention of appellant, as stated in his brief, that "the deposit agreement, and the deed accompanying it, were testamentary in character, there being no delivery during the lifetime of the grantor." The first claim made by appellant is that the evidence shows that it was not the intention of the testatrix to pass title to the property purported to be conveyed by the deed, during her lifetime, because until her death she exercised actual ownership over the property, paid the taxes, made repairs and treated the property as her own. It is a complete answer to this argument to say that both the deed and the deposit agreement show clearly that it was the intention of the grantor in the deed to convey only a future estate—an estate of which the grantee was to come into possession and enjoyment only upon the death of the grantor. It is true that the delivery of a deed is essential to its operation, and if it were shown that the deed in question was not intended to operate at the time it was executed but only upon the grantor's death it would be void. (*Weigand* v. *Rutschke,* 253 Ill. 260; *Oswald* v. *Caldwell,* 225 id. 224.) But where a deed has been actually delivered, as is the case here, though it states on its face that it is not to take effect until after the grantor's death, it is not subject to the objection that it is a testamentary disposition of the property but it will be sustained as a present grant of a future estate; (*Oard* v. *Dolan,* 320 Ill. 371; *Hathaway* v. *Cook,* 258 id. 92; *Noble* v. *Fickes,* 230 id. 594; *Shackelton* v. *Sebree,* 86 id. 616;) and in such case the fact that the grantor retains possession and control of and exercises acts of ownership over the property dur-

ing his or her lifetime does not show that the deed was not delivered. (*Potter* v. *Barringer,* 236 Ill. 224.) When a grantor makes a deed and delivers it to a third person, to be delivered to the grantee upon the death of the grantor, and the grantor surrenders all control and dominion over the deed and retains no right to reclaim it, such act constitutes a complete and valid delivery, and the deed takes effect not at the death of the grantor but immediately upon being delivered to the third person. *Bullard* v. *Suedmcier,* 291 Ill. 400; *Moore* v. *Downing,* 289 id. 612; *Hudson* v. *Hudson,* 287 id. 286.

Appellant contends that the wording of the deposit agreement that the deed was "deposited for safekeeping" and that "delivery of said deed to be made only upon the deposit with the said bank of a certified copy of the certificate of death of the undersigned, Mary J. Osgood," indicates that the grantor did not intend to make delivery of the deed when she surrendered it to the bank. When all of the language of the deposit agreement is considered it is found to be inconsistent with the idea that the grantor reserved the right to regain the possession and control of the deed after she deposited it at the bank, and this contention cannot be sustained. Furthermore, the deed in this case was in the nature of a voluntary settlement and the grantor retained a life estate, and the presumption, therefore, is in favor of delivery. *Weigand* v. *Rutschke, supra; Fluke* v. *Crane,* 262 Ill. 347; *Johnson* v. *Fleming,* 301 id. 139; *Whipple* v. *Carrico,* 305 id. 164.

The circuit court did not err in finding that the deed from Mrs. Osgood to appellee, Marie Osgood McKee, was delivered in the lifetime of the grantor and in dismissing appellant's bill for want of equity.

The decree of the circuit court is affirmed.

*Decree affirmed.*