TIGHE *v.* DAVIS.

1. DEEDS—EXECUTION—DELIVERY.

Subsequent to execution of a deed that is absolute in form, nothing further need be done to render it effective than to deliver it to the grantee.

2. SAME—DELIVERY—INTENT.

The act of delivery of a deed is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit.

3. SAME—DELIVERY—INTENT.

The test of a conveyance is whether it can be said that delivery of the deed was such as to convey a present interest in the land.

4. SAME—PHYSICAL DELIVERY—PRESUMPTIONS.

Physical delivery of a deed to the grantee raises a rebuttable presumption of delivery.

5. SAME—DELIVERY—BURDEN OF PROOF—EVIDENCE.

The burden of proving a valid delivery of a deed ordinarily rests upon the party relying upon the instrument but in such cases testimony that the grantor entertained a secret and undisclosed intention that the deed was ineffectual to pass title is not permissible.

6. SAME—DELIVERY TO GRANTEE—SUBSEQUENT CONDUCT—EVIDENCE.

In suit to set aside deed from plaintiff to defendant, delivery to defendant *held*, ineffective to pass title since there was no intention to pass title, where evidence of subsequent conduct shows, among other things, grantee did not consider himself owner when he gained physical possession of the deed and deed was thereafter returned to grantor's husband and not recorded

until grantee regained possession of it after death of the husband who handled his own and plaintiff's affairs without question by her.

7. SAME—DELIVERY—PHYSICAL POSSESSION.

    Record, containing conflicting testimony in suit to set aside and declare void a deed, *held*, to present no reason for disturbing finding that delivery was not effective to pass title to defendant grantee, husband of plaintiff's step-daughter, after death of grantor's husband when grantee regained physical possession of the deed.

Appeal from Wayne; Campbell (Allan), J. Submitted January 6, 1938. (Docket No. 51, Calendar No. 39,681.) Decided February 24, 1938.

Bill by Blanche Tighe and Phillip H. Tighe against Webster Davis to set aside and declare void a deed, for a receiver and other relief. Cross-bill by defendant against plaintiffs to quiet title to land. Decree for plaintiffs. Defendant appeals. Affirmed.

*John L. Crandell* and *Perry W. Richwine,* for plaintiffs.

*Hatfield & Hall (Theron M. Hall,* of counsel), for defendant.

CHANDLER, J. Plaintiffs, Blanche Tighe and Phillip H. Tighe, are the widow and son, respectively, of Edward H. Tighe, deceased. Defendant is the husband of Mary Helen Tighe Davis, a daughter of Edward H. Tighe by a former marriage. Inasmuch as Phillip H. Tighe played no part of importance in the events to be herein related it will be understood that in speaking of the plaintiff we refer to Blanche Tighe.

This is a suit to set aside a deed from plaintiff to defendant and for an accounting of income from the property described in the deed in question.

Subsequent to her marriage plaintiff and her husband lived for a time in Plymouth and Detroit, but for some 15 years prior to the commencement of this suit they had resided in California, her husband returning to Detroit and Plymouth for two or three months during the summer to attend to his somewhat extensive real estate operations.

The property involved is situated in the city of Plymouth and was purchased by Edward H. Tighe on land contract dated July 15, 1914. He received a deed thereof in the following year. Subsequently he executed two mortgages covering the property and in August, 1926, conveyed the premises to defendant's wife, who, in the following month, conveyed it to plaintiff.

It fairly appears that Blanche Tighe is a woman of limited business experience; that her husband disposed of any transactions demanding attention and that he made many transfers of his property in which his wife joined, if necessary, upon his request and without inquiry as to the purpose.

On February 17, 1930, plaintiff executed the deed with which we are concerned and in which defendant was named as grantee. This deed was prepared and executed in the office of a notary public in Pasadena, California. Edward H. Tighe was present at the time. Plaintiff has no clear recollection of the transaction but assumes that subsequent to the execution the instrument was left on the desk of the notary public and from there removed by her husband. She claims not to have seen the deed again until after the death of her husband in November, 1934.

Defendant claims that in the latter part of February, 1930, he received the deed in an envelope bearing the post mark of Pasadena, California, and there is testimony by Louise Mulford, another daughter of Edward H. Tighe by his first marriage, that she was present at the time the deed arrived in the mail and that the envelope in which it was contained was addressed in the handwriting of plaintiff. Plaintiff has no recollection of mailing the deed to defendant but testified that she at various times mailed papers at the request of her husband, often addressing the envelopes, and without knowledge as to the contents.

After receiving the deed, defendant turned it over to his wife who placed it in a safety deposit box in Highland Park over which she had joint control with Louise Mulford. It was later taken to Plymouth and there placed in a deposit box under the sole control of Mrs. Mulford. She testified that in July, 1934, Edward H. Tighe, who was then in ill health, became apprehensive as to the safety of some of his papers and that to dispel his fears as to their whereabouts she drove him to the bank, obtained the deed and handed it to him. It was apparently placed by Mr. Tighe in his traveling bag along with other papers, where it remained until after his death when the papers were removed from the bag by plaintiff.

Two weeks after the death of Mr. Tighe, Louise Mulford requested that plaintiff bring the papers to her house for the inspection of herself, defendant and his wife. The testimony conflicts as to what transpired at this meeting. On behalf of defendant it is claimed that he picked the deed from the table, saying, "This deed belongs to me," and that plaintiff looked at the instrument and remarked, as she congratulated him: "You are right. That is your deed. * * * Take your deed. Collect your rent,

pay your taxes." It is further claimed that objections were then expressed by Mrs. Mulford and that plaintiff replied, "It doesn't matter whether you do or not. That is the way father wanted it. That is the way it is going to be."

Plaintiff's version of this meeting is that defendant picked up the deed, remarking, "Well, here is something with my name on it;" that he placed it in his pocket and from thenceforth refused to return it although requested to do so.

Thereafter, on November 19, 1934, defendant recorded the deed. Other facts will be hereinafter discussed.

The trial court entered a decree for plaintiff and defendant takes this appeal.

It will be readily perceived that the determining issue presented is whether at any time there was a valid delivery of the deed to defendant. The deed was absolute in form and subsequent to its execution nothing further remained to be done to render it effective other than delivery to the grantee.

That physical delivery to the grantee was accomplished cannot be denied as it was received by defendant from Pasadena in the mail. Mere physical delivery alone, however, is not sufficient to validate the deed.

"The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit." *Thatcher* v. *Wardens & Vestrymen of St. Andrew's Church of Ann Arbor,* 37 Mich. 264.

"The test is whether it can be said that delivery of the deed was such as to convey a present interest in the land." *Pollock* v. *McCarty,* 198 Mich. 66.

See, also, *Gibson* v. *Dymon,* 281 Mich. 137.

But physical delivery to the grantee raises a presumption of delivery. *Collins* v. *Lamotte,* 244 Mich. 504; *Dawson* v. *Hall,* 2 Mich. 390; *Wilbur* v. *Grover,* 140 Mich. 187. This presumption, however, is not conclusive and may be rebutted by the evidence, the burden of proving a valid delivery ordinarily resting upon the party relying upon the instrument. *Barras* v. *Barras,* 192 Mich. 584. In such cases, testimony that the grantor entertained a secret and undisclosed intention that the deed was ineffectual to pass title is not permissible. *Wilbur* v. *Grover, supra.*

The present case is to be distinguished from those cases in which the deed has been delivered by the grantor absolutely with instructions that it should be later turned over to the grantee upon the happening of a future contingency. Here, subsequent to its execution, the deed came into the possession of Edward H. Tighe and it may be fairly inferred from the circumstances that its ultimate delivery to the grantee was dependent upon Tighe's will. He transacted all business for himself and plaintiff, many instruments being executed by her at his request but without her knowledge as to what they were or their significance. As to this particular transaction it is clear that the final disposition of the deed rested with Mr. Tighe. Plaintiff testified:

"*Q.* In California, when we took these depositions, you testified that you signed this deed, and that whatever your husband did with it was all right; is that correct?

"*A.* I trusted him to take care of all those things.

"*Q*.   You completely forgot about the deed?
"*A*.   Yes, that is the idea.
"*Q*.   And didn't know any more about it until the night that it came up after your husband's death.
"*A*.   That's right."

Although executed by plaintiff, whether the deed was delivered must be gathered from the significance of her husband in placing the deed in the hands of the grantee.   That there was no intention to pass title is apparent, we believe, from the subsequent conduct of the parties, and this despite the presumption of delivery arising by virtue of possession of the deed by defendant.   The subsequent conduct of the parties is inconsistent with any claim or understanding of ownership on the part of the grantee. Edward H. Tighe became involved in litigation about the year 1925 and thereafter several transfers of his property, including that involved in the instant case, were made between members of the family, and in each instance without consideration.   He at all times prior to his death exercised proprietary control over the property; he collected the rents and a month or so before his death rented a portion of the premises to defendant and his wife and they paid rent to him. The actions of defendant in no way indicate that he considered himself as owner until after the death of Edward Tighe.   Defendant did not record the deed when he received it but the same was given to his wife, then to Mrs. Mulford and finally returned to the possession of Mr. Tighe.   In addition, Mrs. Mulford testified that the arrangement between herself and her father was such that she was to turn the deeds in her possession over to him at his request, her exact testimony in this regard being:

"*The Court:* You were under arrangement to turn over those deeds to him any time he wanted them for any purpose he wanted them for?

"*A.* Yes."

She also testified that this deed, together with another, while in her possession was contained in an envelope upon which a rather unexplainable statement was written:

"*Q.* Did you mark on it anything?

"*A.* Yes, in case of my death, it was to be given to Mr. Tighe or Mr. Davis, at my death."

The subsequent acts of the parties are not compatible with a finding that a valid delivery had been effected. See *Benneson* v. *Aiken,* 102 Ill. 284 (40 Am. Rep. 592); *Weigand* v. *Rutschke,* 253 Ill. 260 (97 N. E. 641).

We conclude, therefore, that the conveyance must fail for the neglect of Edward H. Tighe to complete delivery in his lifetime.

The meeting occurring subsequent to the death of Mr. Tighe at which time defendant regained possession of the deed presents a question of fact as to whether the facts relied upon by him to establish delivery at that time occurred. The testimony on this point was conflicting. The trial judge who had the opportunity of viewing the witnesses and hearing their testimony resolved the issue in favor of plaintiff. Based upon plaintiff's version of what transpired, no delivery was consummated at this time. We have examined the record and see no reason for disturbing this finding.

Decree affirmed, with costs to plaintiffs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and MCALLISTER, JJ., concurred.