NOT RECOMMENDED FOR PUBLICATION

File Name: 22a0538n.06

Case No. 21-1654

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| IN RE: JAMES RICHARD SUSCHIL; RENEE SUE SUSCHIL, | ) ) ) | **FILED** Dec 22, 2022 DEBORAH S. HUNT, Clerk |
| Debtors, | ) ) | |
| _____ | ) ) | |
| JEFF A. MOYER, Chapter 7 Trustee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| LEE VAN POPERING, | ) ) | OPINION |
| Defendant-Appellee. | ) ) | |

Before: BATCHELDER, WHITE, and MURPHY, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** In this appeal from the district court's review and affirmance of the bankruptcy court's judgment, the bankruptcy trustee challenges the bankruptcy court's determination that a certain real property, owned by the defendant, was never part of the bankruptcy estate and, therefore, the trustee had no claim to it. We affirm.

**I.**

Lee Van Popering owned an interest in an office building (i.e., the "Property"). In 2002, Van Popering drafted and signed a quit-claim deed (the "2002 Deed") purportedly conveying the Property to James Suschil. Van Popering recorded the 2002 Deed with the county register of deeds. Thus, Suschil was thereafter the record owner of the Property. But Van Popering did not physically deliver the 2002 Deed to Suschil, nor did he even tell Suschil about it.

In October 2005, Suschil filed for Chapter 7 bankruptcy. Being wholly unaware of the Property, Suschil did not list it as an asset. The bankruptcy court appointed Jeff Moyer as the Chapter 7 Trustee. The Suschil bankruptcy case continued for 12 years, until July 2017.

In 2014, Van Popering drafted a quit-claim deed (the "2014 Deed") purportedly re-conveying the Property back to himself from Suschil, and obtained Suschil's signature on the 2014 Deed. Suschil has testified that he did not know what he was signing and does not even remember doing so. Van Popering kept possession of the 2014 Deed but did not record it at that time.

On July 12, 2017, a title insurance search for the Property reported Suschil as the record owner. Meanwhile, on July 13, 2017, the bankruptcy court closed Suschil's bankruptcy case.

On August 17, 2017, Van Popering recorded the 2014 Deed and sold the Property.

In July 2018, the U.S. Trustee discovered the recorded 2002 Deed listing Suschil as the owner, suspected the Property was an asset of Suschil's bankruptcy estate, and moved to reopen the case. The bankruptcy court reopened and re-appointed Moyer as the Chapter 7 Trustee.

Moyer filed an adversary action against Van Popering, claiming the Property as an asset of Suschil's bankruptcy estate. On competing motions for summary judgment, the bankruptcy court ruled that although the Michigan Recording Act provides a rebuttable presumption of delivery, the facts here rebutted that presumption, Van Popering did not deliver the deed and Suschil did not accept it. Because Michigan law requires both delivery and acceptance for a valid conveyance, the court found the property was not conveyed to Suschil. Therefore, the court reasoned, Suschil never owned the Property, so it was never part of the bankruptcy estate. Moyer moved for reconsideration, claiming for the first time that the 2014 Deed effected a retroactive delivery of the 2002 Deed. The bankruptcy court rejected that theory, finding that the 2014 Deed did not show "acceptance" under the facts of the case, nor did Michigan law support the argument that the 2014 Deed applied retroactively to 2002.

Moyer appealed to the district court, claiming that the Michigan Recording Act, in purpose and effect, allows a bona fide purchaser (BFP) to rely on the recording as the true state of title. Therefore, Moyer claimed, by recording the 2002 Deed, Van Popering ran the risk that a BFP could take title from Suschil as the record owner. And as the Chapter 7 Trustee, he was a BFP under 11 U.S.C. § 544(a)(3).[1]

The district court rejected that theory, explaining that title transfer under Michigan law requires both a valid conveyance and acceptance, which did not occur here. The court acknowledged that recording creates a rebuttable presumption of title transfer, but that it was rebutted here, characterizing this situation as "a naked recording without a valid conveyance."

## II.

In an appeal from a district court's review of a bankruptcy court's decision, we review the bankruptcy court's decision directly, affording no deference to the district court. *Sunshine Heifers, LLC v. Citizens First Bank (In re Purdy)*, 870 F.3d 436, 442 (6th Cir. 2017).

Moyer contends that conveyance and acceptance are unnecessary. Rather, Van Popering's recording of the 2002 Deed was constructive notice that Suschil owned the Property, which was enough to give Moyer, as a BFP, ownership of the Property free of any claims by anyone else.

Moyer relies principally on *Burns v. Berry*, 3 N.W. 924 (Mich. 1879), in which Thorpe sold his property to Burns, who did not record it. When Thorpe died, his son—believing he had inherited the property—sold it to Berry, who did record it. When Burns sued to quiet title, the Michigan court awarded title to Berry, finding that he had purchased it without knowledge of its prior sale to Burns and had recorded it first. Moyer contends that *Burns* stands for the proposition

---

[1]Moyer also claims the Property in his role as a judicial lien creditor under § 544(a), based on the same reason he claims it as a BFP, i.e., that conveyance and acceptance are unnecessary. Because both claims turn on this same premise, we need not analyze them separately. If a separate judicial-lien-based theory exists, Moyer has not raised it and has instead forfeited it. *See Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited.").

that recording alone conclusively establishes ownership. Even considering only *Burns*, and ignoring all other Michigan law, Moyer is incorrect. *Burns* stands for the proposition that—because Michigan is a race-notice state—when there is a title dispute *between two valid conveyances*, the first to record wins. Here, there was no conveyance, so *Burns* is irrelevant.

Under Michigan law, "[a] deed takes effect from the time of its delivery, and not from the time of its date, execution[,] or record[ing]. While the recording is presumptive evidence of delivery, such presumption may be rebutted." *Power v. Palmer*, 183 N.W. 199, 202 (Mich. 1921); *accord In re Buchinger Revocable Living Tr.*, No. 295544, 2011 WL 521183, at \*3 (Mich. Ct. App. Feb. 15, 2011) (citing *Ligon v. Detroit*, 739 N.W.2d 900, 905 (Mich. Ct. App. 2007)).

> Delivery is required to show that the grantor intended to convey the property described in the deed. *Energetics, Ltd. v. Whitmill*, 497 N.W.2d 497, 505 (Mich. 1993). Acceptance is necessary for a deed to be valid, as there can be no delivery without acceptance. *Gibson v. Dymon*, 274 N.W. 739, 740 (Mich. 1937). Delivery may be presumed from recording of a deed during a grantor's lifetime. M.C.L. § 600.2110; *Finstrom v. Baldwin*, 96 N.W.2d 798, 801 (Mich. 1959). However, a deed can be set aside when the presumption of delivery is overcome. *Creller v. Baer*, 93 N.W.2d 259, 261-62 (Mich. 1958). In addition, the subsequent conduct of the parties may be taken into consideration in determining whether there was intention to pass title. *See Tighe v. Davis*, 278 N.W. 60, 62 (Mich. 1938).

*In re Buchinger*, 2011 WL 521183, at \*3 (citations cleaned up). Ultimately, "the recording of an instrument cannot, of itself, make an invalid grant valid." *Von Meding v. Strahl*, 30 N.W.2d 363, 369 (Mich. 1948).

Unable to rely on Michigan caselaw, Moyer turns to Michigan's recording statute:

> Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded.

M.C.L. § 565.29. But this statute does not help Moyer. He does not seek to render void a conveyance that was never recorded; he seeks to render valid a defective conveyance. Nothing in this statute commands that relief. To summarize: Michigan law refutes Moyer's theory.

As the bankruptcy court found, Van Popering did not deliver the 2002 Deed to Suschil, nor did Suschil accept it, so there was no conveyance based on the 2002 Deed. Van Popering's recording of the 2014 Deed—to clear up record title—did not remedy this absence of delivery, acceptance, or valid conveyance. The record shows that Suschil had no notion of accepting or conveying property when he signed the 2014 Deed. When Van Popering handed him the Deed, he told Suschil only that it was "paperwork for him to sign." While such a signing might, on another record, raise an inference that the signer had read and understood that he was accepting and conveying property, this inference is rebutted by Suschil's testimony in 2018: He stated that he did not recognize the Property address, had no memory of receiving the Property in 2002, and did not contemplate conveying the Property in 2014. Thus, the property was never an asset of Suschil's bankruptcy estate and Moyer has no actionable claim to it.

**III.**

We AFFIRM the judgment of the district court.