WOLFF *v.* TAYLOR.[1]

PARTNERSHIP ACCOUNTING—APPEAL—REVIEW.

Where the determination of a partnership accounting rested on the testimony of the parties themselves, which was taken before the circuit judge, a decree awarding complainant the amount of his investment with interest, on the theory that he was unjustly expelled from the business, and that no profits had been earned, was affirmed, even though the fairness of his claim was not free from doubt.

Appeal from Alpena; Kelley, J. Submitted February 15, 1901. Decided June 17, 1901.

Bill by Myer Wolff against Henry Taylor for an accounting. From a decree for complainant, defendant appeals. Affirmed.

[1] Rehearing denied January 24, 1902.

*L. G. Dafoe*, for complainant.

*Joseph H. Cobb*, for defendant.

HOOKER, J. The complainant filed a bill for an accounting as a copartner, asking a receiver for the property. The court left defendant in charge upon his filing a bond to pay any sum that should be decreed against him, and on a final hearing gave complainant a decree for the amount of his investment and interest, less money drawn out. This was upon the theory that the parties were copartners, and that defendant unjustly expelled the complainant from the business, and that the proofs showed that no profits were made. The amount of the decree was $188.92. On the part of the defendant it was claimed that there was no copartnership, though it was admitted that a written contract for a copartnership was made, and some goods belonging to the complainant went into the business.

The case is a troublesome one upon the facts, and we have doubts of the fairness of the complainant's claim. But the case rests, in the main, upon the testimony of the parties, and we do not feel justified in saying that the circuit judge, who saw and heard the witnesses, was in error. Upon his view of the case, the decree does substantial justice, and we think it should be affirmed, with costs. It will be so ordered.

The other Justices concurred.