CLEMENT *v.* SMITH.

1. DEEDS—CANCELLATION OF INSTRUMENTS—CONSIDERATION—WEAK-
NESS OF MIND.

Equity will set aside a conveyance executed for a grossly in-
adequate consideration when there is great weakness of mind
in the person executing it from age, sickness, or any other
cause, which would not amount to an absolute disqualification.

2. SAME—ABUSE OF CONFIDENCE—MENTAL COMPETENCY.

Equity will set aside a conveyance to one who stands in a posi-
tion of confidence to the grantor who, though capable of under-
standing the nature of a business transaction, was unable
fairly to appreciate its consequences and overlooked many
considerations which would have led to sounder judgment and
the confidence has been abused.

3. SAME—ABUSE OF CONFIDENCE—ADEQUACY OF CONSIDERATION—
WEAKNESS OF MIND—EQUITY.

Conveyances of entire real and personal property by 70-year-
old widow with reservation of practically unmarketable life
estate and use thereof by deed deposited in escrow, with de-
livery conditioned upon grantee's paying expenses of grantor's
last sickness, burial, and erection of headstone, was properly
set aside at suit of grantor commenced about a year after
execution of instruments where trial judge found grantor to
have been of weak mentality, that she had placed her trust
in the grantee and that he took advantage of her confidence
and obtained the conveyances for a grossly inadequate con-
sideration.

4. APPEAL AND ERROR—CHANCERY APPEAL—CONFLICTING TESTIMONY
—FINDING OF TRIAL COURT.

On appeal from decree in equity suit in which testimony is con-
flicting and conclusions depend much upon seeing the witnesses
and judging their respective character, the Supreme Court is
not inclined to disturb the trial court's determination of where
the preponderance lay.

5. DEEDS—ADEQUACY OF CONSIDERATION—EQUITY—JURISDICTION.

In suit by 70-year-old widow to set aside her conveyances of all
her real and personal property, except reserved life estate and

use, to a long time friend for consideration not involving a cash payment and other items were such as her estate would be liable for, inadequacy of consideration involved was sufficient to give a court of equity jurisdiction to set aside the conveyances involved where grantor had a weak mentality, placed her trust in defendant and he abused her confidence in procuring the conveyances.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted April 2, 1940. (Docket No. 8, Calendar No. 40,980.) Decided June 3, 1940.

Bill by Augusta Day Clement against William L. Smith to set aside a deed and collateral contract and for other relief. Decree for plaintiff. Defendant appeals. Affirmed.

*Robert W. McKenzie,* for plaintiff.

*Herman L. Berg,* for defendant.

BUTZEL, J. This is an appeal from a decree setting aside a conveyance of land and cancelling contract collateral thereto. Plaintiff, a widow over 70 years of age, owned and made her home in a small house in Croswell, Michigan. Her son was a farmer and lived near Port Sanilac, Michigan. She lived alone and saw her son only occasionally. Defendant and his wife were old friends of plaintiff. Defendant frequently came to Croswell to purchase eggs from a neighbor of plaintiff, and, when there, he stayed as a guest in plaintiff's home. Sometimes defendant's wife accompanied him. There was no blood relationship, but there was a feeling of kinship because plaintiff's father was a brother to defendant's first wife's father. Plaintiff also visited defendant at his home in Detroit. At the time of the events in question, plaintiff was in poor health, her eyesight was defec-

tive, and her memory was weak. She trusted defendant implicitly in all her affairs, even to the point of having him count her money. He did many odd jobs at her home to make her more comfortable; she claims to have paid him for some of the work done. In 1935 plaintiff executed a warranty deed to her home, naming defendant as grantee, reserving a life estate in herself. The deed was deposited in escrow with an attorney. Plaintiff testified that she always understood that she could withdraw the deed whenever she so wished. Defendant agreed in writing to pay the medical bill for her last illness and for her burial and also to erect a headstone on her grave if this were not taken care of during her lifetime. Full performance on defendant's part was made a condition precedent to delivery of the deed from escrow. As a further consideration for full compliance, plaintiff agreed that defendant was to have all household furniture and personalty of which she died possessed. It was provided that if defendant predeceased plaintiff, the deed was to be null and void. This agreement was executed on November 4, 1935. Some minor corrections were made by a supplemental agreement of January 20, 1936. The deed was later withdrawn from escrow and on January 7, 1938, plaintiff and defendant went to another attorney who drew up a more formal agreement containing the same terms. The deed was recorded on January 14, 1938. About a year later plaintiff filed a bill of complaint to set aside the conveyance and cancel the agreement on the ground that execution thereof was induced by defendant's overreaching influence and abuse of the confidence placed in him. The trial judge concluded that plaintiff was of weak mentality, that she placed her trust in defendant, and that he took advantage of her confidence and obtained the conveyance for a grossly inadequate consideration. Re-

lief was decreed in accordance with the prayer of the bill.

It is said that equity will set aside a conveyance executed for a grossly inadequate consideration when there is great weakness of mind in the person executing it from age, sickness, or any other cause, which would not amount to an absolute disqualification. *Allore* v. *Jewell,* 94 U. S. 506; *Bilman* v. *Kolarik,* 234 Mich. 689; *Beattie* v. *Bower,* 290 Mich. 517. Though the grantor may have been capable of understanding the nature of a business transaction, if there was inability fairly to appreciate its consequences which resulted in overlooking many considerations which would lead to sounder judgment, there is an exposure to imposition by those in confidence. Where the confidence has been abused, as under the facts before us, equity will not stand by with folded arms. *Seeley* v. *Price,* 14 Mich. 541. The conclusion of the trial judge is fortified by the fact that the conveyance left plaintiff without any security for her future support, for her life estate in the property would be practically unmarketable. It has been said that such facts demonstrate beyond question "either incapacity or dishonest management or both." *Thorn* v. *Thorn,* 51 Mich. 167; *Beattie* v. *Bower, supra.* When the testimony is so conflicting and the conclusions depend so much on seeing the witnesses and judging their respective character, we are not inclined to disturb the trial court's determination of where the preponderance lay. Nor are we inclined to disagree with the conclusion that the consideration did not suffice to take the case out of equity's scrutiny. No cash payment to plaintiff was contemplated; the other items to be paid after her death are all obligations for which the estate would be liable. With the title out of plaintiff's control, there is no security other than defendant's personal

obligation that funds will be forthcoming when the obligations are incurred.

The decree is affirmed. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.