BRADLEY GRINDING MACHINE CORP. *v.* BRADLEY.

1. APPEAL AND ERROR—EQUITY—REVERSAL OF DECREES.

   The Supreme Court does not reverse a decree based upon testimony of witnesses heard by the trial court, unless convinced that the decree was not in accordance with the rights of the parties.

2. EQUITY—ACCOUNTING—CONSPIRACY—FRAUD—EVIDENCE.

   In suit by corporation against fiscal manager, accountant and exclusive sales agent of plaintiff for an accounting and injunctive relief, where plaintiff failed to establish its claim of conspiracy and failed to show fraud on part of defendants and defendant sales agent had met some of plaintiff's payrolls and defendant fiscal manager was entitled to compensation for services rendered, plaintiff was not entitled to relief but defendant sales agent and fiscal manager were entitled to relief on their cross bills under evidence presented.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 8, 1946. (Docket No. 16, Calendar No. 43,249.) Decided January 6, 1947

Bill by Bradley Grinding Machine Corporation against Leonard G. Bradley, John W. Rankin and

another for an accounting and injunctive relief. Separate cross bills by defendants Leonard G. Bradley and John W. Rankin against plaintiff for money due. Decree for defendants on cross bills. Plaintiff appeals. Affirmed.

*Francis Rosenthal,* for plaintiff.

*Samuel S. Greenberg (Leonard J. Grabow,* of counsel), for defendants.

CARR, C. J. This is an action for an accounting and for injunctive relief. Plaintiff corporation was organized in 1942, for the purpose of manufacturing light grinding machines. The sole stockholder was, and is, George Bradley, who is the son of the defendant Leonard G. Bradley. Said defendant was at the time operating a business under the name of Bradley Machinery Company at 211 Joseph Campau avenue in the city of Detroit. Plaintiff rented from defendant Bradley a portion of the space at said address for the purpose of conducting its business. It was also agreed that defendant Bradley should have the exclusive right of selling the grinding machines manufactured.

Plaintiff's business was at least reasonably successful, a number of machines being assembled and sold. Defendant Rankin was hired as fiscal manager for plaintiff, and acted as treasurer, his salary being fixed at $5,000 per year. Defendant Reid was hired as an accountant and to supervise the corporation books. It was agreed that he was to receive $100 a month for his services. It is conceded that neither Rankin nor Reid has been paid in full in accordance with the contracts of employment.

Plaintiff in its bill of complaint alleged that the three defendants conspired to injure plaintiff; that

various items of expense that should have been charged to defendant Bradley had in fact been paid by the corporation; and that the other defendants were not entitled to collect the compensation claimed by them for work done because of failure to perform their respective duties in a proper manner, and for the further reason that they had, by their conduct, caused injury to the plaintiff. Defendants Bradley and Rankin answered the bill of complaint, denying its material allegations, and filed cross bills setting forth affirmative claims. In his cross bill, defendant Bradley alleged that he had expended money on behalf of plaintiff, particularly in taking care of its payroll from time to time. Defendant Rankin, denying the charges made against him, asked that the court enter a decree in his favor for the amount of his unpaid salary. Defendant. Reid did not appear in the case.

Following the trial in the circuit court an opinion was filed in which the judge who heard the case carefully analyzed the proofs presented to him, disallowed certain items of plaintiff's claim against defendant Bradley, and allowed other items of such claim in the aggregate amount of $1,302.58. It was further held that defendant Bradley was entitled under his cross bill to an allowance in the sum of $7,148.23, of which amount it appears $7,052.22 was for moneys advanced by him to meet plaintiff's pay-roll. The items rejected in plaintiff's, and in defendant Bradley's, claims were found to be without supporting proof.

The trial court further found that defendant Rankin was entitled to recover against plaintiff the sum of $3,333.33 for unpaid salary, and that plaintiff was not entitled to any off-set against such amount on the ground that said defendant's services were not satisfactory. A like conclusion was reached

with reference to defendant Reid. A decree was entered in accordance with the determination of the trial court as to the rights of the parties to the action. From such decree plaintiff has appealed.

The case involves the determination of factual issues. Plaintiff failed to establish its claim of a conspiracy between defendants, as alleged in the bill of complaint, and also failed to show fraudulent conduct on the part of defendants, or any of them. In consequence, the case resolves itself into an accounting proceeding.

A recital of the testimony relating to the various items of plaintiff's claim against defendant Bradley, and of the latter's counterclaim, would serve no useful purpose. The trial judge had the advantage of seeing the parties to the controversy and hearing their testimony. He was in position to pass on their credibility. The opinion filed by the trial court indicates clearly that careful consideration was given to the claims of the respective parties. The decree should not be reversed or altered unless it appears that it is not in accordance with the rights of the parties. *Langdell* v. *Langdell,* 285 Mich. 268; *Clement* v. *Smith,* 293 Mich. 393. See, also, *Wolff* v. *Taylor,* 127 Mich. 143; *Hillier* v. *Carpenter,* 215 Mich. 259.

Based on a careful consideration of the record we think that the trial court correctly decided the matters in controversy. Defendant Bradley was clearly entitled to the allowance of the various sums advanced by him from time to time to meet plaintiff's payroll, and also to the other items found to be due and owing to him. Defendant Rankin rendered the services on which his claim for compensation was based, and the actual facts established by the proofs in the case are not such as to bar his recovery. It is a fair conclusion that he rendered

the services he was hired to perform. For like reasons plaintiff was not entitled to relief as against defendant Reid.

The decree of the trial court is affirmed, with costs to appellees.

BUTZEL, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.