CHANDLER *v.* WHITE.

1. CANCELLATION OF INSTRUMENTS—TRUSTS—INSANE PERSONS.

In a suit by an administrator to vacate a trust agreement and to compel a return of the property to him on the ground that deceased was mentally incompetent at the time she executed it, evidence *held,* sufficient to prove mental incompetency.

2. EXECUTORS AND ADMINISTRATORS—COLLATERAL ATTACK—REGULARITY OF APPOINTMENT.

Where defendants attacked the regularity of plaintiff's appointment as administrator, and objected to the admission in evidence of the files showing his appointment for the reason that deceased's daughter, who petitioned for his appointment, was shown by the bill of complaint to have been mentally incompetent for several years, said objection cannot be sustained, in view of the fact that said invalidity of appointment was not again referred to, and the bill of complaint also alleges that the daughter is upwards of 50 years of age.

3. TRUSTS—CLAIM BY TRUSTEES PROPERLY DISALLOWED ON VACATING TRUST AGREEMENT.

Where it must have been apparent to one of the trustees from his conferences with the maker that she was not mentally competent to execute the trust, and the officers of the trust company appointed trustee were informed of the facts, which they could have verified by a slight investigation, the trust company's claim for services and expenses incident to defense of the suit to vacate the trust was properly disallowed.

Appeal from Lenawee; Sampson (Jacob N.), J. Submitted October 5, 1928. (Docket No. 86, Calendar No. 34,012.) Decided October 24, 1928.

Bill by B. D. Chandler, administrator of the estate of Florence M. R. Roberts, deceased, against Kenneth T. White, the Detroit Trust Company, and another for the cancellation of a trust agreement and

for an accounting. From a decree for plaintiff, defendants White and Detroit Trust Company appeal. Affirmed.

*Chandler & Culver,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for appellants.

SHARPE, J. Florence M. R. Roberts departed this life at her home in the city of Hudson on December 5, 1927, aged 76 years. An unmarried daughter, Marie, is her sole heir at law. The plaintiff was appointed administrator of her estate. He discovered that the deceased, on the 2d day of November preceding her death, had executed a trust agreement in which the defendants were named as trustees, and by the terms of which she had turned over to them personal property consisting of bonds and stocks of the value of more than $50,000, and had agreed to convey certain real estate, not, however, listed therein. This bill is filed by him as such administrator to vacate said agreement and compel a return of the property to him, for the reason that deceased was mentally incompetent at the time she executed it.

1. The defendant White in his answer denied the charge of mental incompetency. The defendant trust company averred that it had no knowledge of her mental condition and that any action taken by it was at the request of the defendant White. It appears in the proof that deceased was afflicted with a stroke of paralysis in March, 1927, and that thereafter she declined very rapidly, both mentally and physically. The trust agreement was a somewhat lengthy document, occupying four pages of the printed record, with a schedule of property annexed thereto of seven printed pages. The proof is clear and convincing that the deceased was mentally in-

competent to understand the nature of this document at the time she signed it.

2. In the brief filed by defendants' counsel they attack the regularity of plaintiff's appointment as administrator by the probate court. The probate files were produced, and plaintiff offered in evidence the order appointing him. The defense objected to its admission for the reason that the petition therefor was signed by Marie Roberts, the daughter of deceased, and that the bill of complaint alleged that she was "mentally incompetent and has been for several years." The document was marked Exhibit II. The only other reference to it in the record is the statement that Exhibit II is an "order of probate court for Lenawee county, appointing B. D. Chandler administrator of the estate of Florence Roberts, deceased." The allegation in the bill is that "Marie Roberts has for a number of years been a person of feeble intellect and mentally and physically incompetent to care for herself, although she is upwards of fifty years of age." It is apparent that the invalidity of the appointment was not again referred to, as the opinion of the trial judge contains no reference to it.

"The petition for administration was regular in form. There was within the jurisdiction of the probate court an estate to be administered. The determination of that court that defendant was a party entitled to letters of administration is not therefore open to collateral attack." *Ackerman* v. *Pfent*, 145 Mich. 710, 712.

In *Haug* v. *Primeau*, 98 Mich. 91, relied on by defendants, the petition on its face did not confer jurisdiction. Upon the record before us this contention cannot be sustained.

3. After hearing, and before decree, the trial court permitted defendants to submit proof supporting their claim for services and expenses incurred for consideration in the event that the trust agreement should be vacated. The bill presented included charges for the services of the trust company and the expenses incident to the trial, including attorney's fees, in all $1,356.10. This claim was disallowed by the trial court. We affirm his action in doing so.

It must have been apparent to the defendant White at the time of his conferences with the deceased that she was not mentally competent to understand the nature of the agreement signed by her. It is significant that, although sworn as a witness, he gave no testimony indicating a belief on his part that she was then mentally competent. Doubtless the officers of the trust company acted in good faith. But, after the plaintiff's appointment and before this suit was brought, these officers were informed by him of the facts. A slight investigation on their part could but have satisfied them that the validity of the agreement could not be sustained. Influenced perhaps by Mr. White, they subjected the estate to the expense and delay incident to this litigation. If they relied on his statements and were deceived thereby, they have no just claim against the estate for the expense incurred by the company. The authorities cited in support of this claim have been examined. We think them inapplicable to the facts here presented.

The decree of the trial court is affirmed, with costs to appellee.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.