JOHN SCHROEDER, *vs.* CHARLES W. GERLACH *et al.* Appellees.—(ELMER SCHROEDER *et al.* Appellants.)

*Opinion filed June 11, 1937—Rehearing denied October 6, 1937.*

MARSHALL, SOLBERG, and KELLAM FOSTER, for appellants.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, (WILLIAM WILSON, EDWARD C. CALDWELL, and JOSEPH M. TAUSSIG, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Four collateral relatives of John Schroeder, deceased, prosecute this appeal from an order of the superior court of Cook county denying them permission to revive and continue a suit instituted by a brother of Schroeder, in the latter's name as his next friend, seeking to rescind a trust

agreement and to cancel deeds executed conformably thereto. The propriety of the order assailed requires a review of the pertinent facts and pleadings.

On April 14, 1933, John Schroeder, then about seventy-seven years of age, assigned, transferred and delivered. to Charles W. Lelivelt, a nephew, and Grace L. Gerlach, niece of Schroeder's deceased wife, as trustee, all his real and personal property and also such property as he might be entitled to receive from his wife's estate. So far as the record discloses his immediate relatives were two brothers, William and Charles, and two sisters, Emma Schroeder and Mary Lelivelt. It appears further that William had two sons, George and Elmer, and a daughter, Anna Webb; Charles, two sons, Edgar and Harry, and Mary Lelivelt, two children, Charles W. Lelivelt and Laura Fischer. By a trust agreement executed on the day named it was provided, among other things, that after payment of the expenses incident to the administration of the trust, the remainder of the income from the trust estate should be expended for the care, comfort and maintenance of the donor. The agreement stated, further, that the trust should terminate two years after the death of the donor and that the *corpus* should be distributed as follows: Five dollars each to Emma, William, George and Elmer Schroeder, and Anna Webb, and four thousand dollars each to Charles, Edgar and Harry Schroeder, and Mary Lelivelt. Provision was made for dividing the residue in three equal shares among Grace L. Gerlach, Laura Fischer and Charles W. Lelivelt. By his will executed on March 21, 1933, and a codicil thereto signed April 19, 1933, John Schroeder made substantially the same provisions for the beneficiaries named in the trust agreement. In particular, he made bequests of five dollars each to Emma, William, George and Elmer Schroeder, and Anna Webb, and four thousand dollars each to Charles, Edgar and Harry Schroeder, and Mary Lelivelt. Grace L. Gerlach and Charles W. Lelivelt were appointed executors.

The codicil explained that the testator had made nominal bequests to William and Emma Schroeder because the former had not visited him or shown any brotherly relationship for more than three years and had caused a petition to be filed in the probate court to have him adjudged incompetent, and the latter, his sister, Emma, had entirely disregarded him for twenty years. The codicil also recited that contemporaneously with its execution John Schroeder had executed a trust agreement vesting all his estate in trustees, and reciting that "Nothing herein or in will shall operate to defeat terms of trust agreement, or be construed as a revocation thereof with respect to trust created in and by same, or to enlarge, increase or duplicate amounts provided to be distributed to beneficiaries under same."

Approximately three months after the execution of the trust agreement and the codicil to the will, on July 11, 1933, William Schroeder filed a motion, supported by his affidavit, in the superior court of Cook county asking that he be appointed next friend of his brother, John Schroeder, a feeble-minded person, to file and prosecute a bill of complaint in the name of John Schroeder against Grace L. Gerlach and her husband, Charles W. Gerlach, and Charles W. Lelivelt. The affidavit disclosed that John Schroeder had no conservator, alleged that he was under the control of Charles W. and Grace L. Gerlach and Charles W. Lelivelt, and that the affiant had no interest in the subject-matter of the suit, or otherwise, adverse to the interests of his brother. The bill accompanying the motion and affidavit charged that the defendants had, by fraud, undue influence and coercion, induced John Schroeder to convey to two of them, Grace L. Gerlach and Charles W. Lelivelt, all of his property in trust for the purposes previously set forth. The relief sought was that the trust agreement be rescinded and that the deed of trust, and all other transfers and conveyances of real and personal property of John Schroeder to the defendants, be cancelled. The court granted the motion, and, con-

formably to the leave granted, the bill, in the name of John Schroeder, a feeble-minded person, by William Schroeder, his next friend, was filed. The defendants interposed a special demurrer to the bill. On September 20, 1933, John Schroeder, the alleged incompetent, intervened in his own behalf and, by his solicitors, filed a petition affirming his competency and moved to dismiss the bill. William Schroeder, who instituted the suit, died on October 1, 1933. His death was suggested and George Schroeder, his son, filed a motion to be substituted as next friend, for the purpose of prosecuting the suit. Rulings on the demurrer, the motion to dismiss and the motion to be substituted as next friend, were deferred pending a report from the master in chancery to whom the cause was referred to determine the competency of John Schroeder to transact his own business and affairs. Schroeder, himself, testified on seven different occasions before the master. About two years later, on September 11, 1935, John Schroeder died in DuPage county where he then resided. His will and codicil were admitted to probate in that county on October 14, 1935, and letters testamentary were issued to the executors, Mrs. Gerlach and Charles W. Lelivelt. Subsequently, on February 28, 1936, the death of John Schroeder was suggested, and Emma, Elmer and George Schroeder, and Anna Webb, filed a motion to revive and continue the suit submitted on July 11, 1933, to substitute themselves as plaintiffs, and to make Mary Lelivelt and Charles Schroeder, sister and brother of John Schroeder, deceased, additional parties defendant. Supporting this motion was an affidavit of Elmer Schroeder alleging that his uncle had died intestate leaving no valid will, but that documents purporting to be his will and codicil had been admitted to probate in DuPage county. The defendants, pursuant to leave granted, filed their answer to the motion, denying its allegations and those of the supporting affidavit, and, particularly, that John Schroeder died intestate and averred, on the contrary, that he died

testate, that his will and codicil had been admitted to probate, and that letters testamentary had issued to the executors. At the hearing before the chancellor the petitioners and the defendants stipulated the facts narrated with respect to John Schroeder's residence in DuPage county; his death; admission to probate of the documents purporting to be his last will and codicil; issuance of letters testamentary; the contemporaneous execution of the challenged trust agreement and deed on the one hand, and the codicil, on the other, and the identity of their respective provisions. On July 17, 1936, the chancellor held the matters set forth in the motion to revive and the supporting affidavit insufficient, entered an order finding, among other things, that the terms and conditions of the trust agreement and the will and codicil were in substance the same; that the persons who take under the will and codicil benefit to the same extent as the beneficiaries under the trust; that if the will and codicil are valid it would not benefit the petitioners to set aside the trust as, without establishing the invalidity of the testamentary disposition, they would have no interest in the property involved in the trust, that it was therefore imperative that a suit to contest the will be instituted in DuPage county within one year after probate, and denied the motion to revive the suit. On August 11, 1936, a motion to vacate the order of July 17 was denied. Thereafter, the petitioners commenced a suit in the circuit court of DuPage county to contest the will and codicil, as well as to set aside the trust agreement and deed, which suit is still pending.

The petitioners, Emma, Elmer and George Schroeder, and Anna Webb, four of the five persons who were given five dollars each under both the trust agreement and the codicil to the will, seek a reversal of the order of July 17, 1936, denying their motion to continue and revive the cause in their names as plaintiffs. The defendants, Charles W. Lelivelt and Grace L. Gerlach, the two persons named as

trustees and executors by the two instruments, and Charles W. Gerlach, the husband of the latter, attack the competency of the petitioners to revive and the sufficiency of their application in this regard. They maintain that where there is both a will and a conveyance of the same property, all the questions thereby raised should be litigated in one suit and not piece-meal. (*Anderson* v. *Anderson,* 293 Ill. 565; *McGovern* v. *McGovern,* 268 id. 135; *Yott* v. *Yott,* 265 id. 364; *Stephens* v. *Collison,* 249 id. 225.) The complainant in a proceeding in equity must show an actual existing interest in the subject-matter of the suit and will not be permitted to maintain a bill for part of a matter, only, so as to expose the defendant to being harassed by repeated litigations concerning the same thing. (*McGovern* v. *McGovern, supra.*) The court may, on its own motion, take notice of the complainant's want of interest in the suit if it appears at the hearing. (*McGovern* v. *McGovern, supra.*) Resort to the will and codicil and the trust agreement discloses an identical disposition of John Schroeder's estate at his death. Petitioners, neither when they filed their motion on February 28, 1936, nor on July 17, 1936, at the time the order denying it was entered, had sought a ruling on the validity of the will and codicil, which had then been probated for several months and continued in force. These documents were not irrelevant, as petitioners insist, but bore directly on the question at issue, namely, the competency of petitioners to revive the suit, and demonstrate conclusively that with the documents in force they were complete strangers to the suit and incompetent. The court did not hold, as petitioners persist in asserting, that the will and codicil were a bar to this suit. The issue is not whether the cause of action survived but whether particular persons, namely, the petitioners, were competent to revive it. Under these circumstances they had no interest in the property in controversy and, hence, no standing to set aside the trust

as the relief sought, if granted, would not inure to their benefit.

A similar situation was presented for decision in *McGovern* v. *McGovern, supra*. The complainants in that case filed a bill in July, 1913, in the circuit court of Knox county to set aside certain deeds purporting to convey real estate from James McGovern to some of the defendants, on the ground of mental incapacity of the grantor and undue influence exercised upon him. McGovern died testate on July 15, 1913, and his will dated May 24, 1910, and two codicils, dated July 27 and August 28, 1912, respectively, were probated in the county court of Knox county on August 11, 1913. It appeared that the challenged deeds were dated August 26, 1912. The will devised the real estate described in the deeds to the same grantees substantially as specified in the deeds, and the second codicil, dated two days after the deeds were executed, specifically declared that the testator had disposed of all of his real estate except his home in Galesburg, clause 2 therein providing, in part, "I ratify and confirm the deeds of conveyance heretofore made by me." Although the pleadings made no reference to the will or codicils, they were introduced upon the trial of the cause, together with the certificate of probate. The chancellor held that the will and codicils and the order of probate remained in effect, and that by virtue of the testamentary disposition none of the complainants had any interest in the lands described in their pleadings or in the deeds sought to be set aside. Referring to the factual situation this court pointed out that the two issues, namely, the legality of the deeds and the validity of the will and codicils, involved the same subject matter, and that most, if not all, of the facts that might tend to show the invalidity of one would also tend to show the invalidity of the other, especially on the questions of mental incapacity and undue influence. Under such circumstances, the court held, the complainants, as heirs-at-law of the testator, must combine in

one bill the setting aside of the deeds and the setting aside of the will, since the latter was essential to the matter of the complainant's interest in the land.

Similarly, in the present case, the petitioners have no interest in the property involved so long as the will and codicil stand. Conversely, they would have an interest in the property if the will and codicil should be set aside. The mere fact that the original bill was filed before the will and codicil were probated cannot avail them. The original complainant and his next friend are both dead. Prior to February 28, 1936, when petitioners filed the motion to revive, the will and codicil had been probated and there was, therefore, nothing to prevent them from instituting a single proceeding in DuPage county (1) to contest the will and codicil and (2) to set aside the trust, and thereby dispose of the entire controversy instead of harassing the defendants with repeated litigations.

*Yott* v. *Yott, supra,* where the situation was converse to *McGovern* v. *McGovern, supra,* is analogous. In the *Yott case* a testator, after making a will leaving his estate to persons not related to him by blood, subsequently transferred title to all of his property for the benefit of the same persons but upon different limitations. The testator's next of kin, his heirs, took nothing under either the will or the subsequent conveyances. They filed a bill to set aside the probate of the will on the ground that it was abrogated by the subsequent conveyances, leaving nothing upon which the will could operate. Under that factual situation this court held that the heirs of the testator were not "persons interested" who might attack the validity of the probate of the will upon the ground that it was revoked by the conveyances, unless they alleged and proved the invalidity of the subsequent conveyances. The court held, further, that it was entirely proper to litigate the two questions of the validity of the conveyances, and their effect as a revocation of the will, in one suit. In *Yott* v. *Yott,* the suit was

brought to set aside a will without having deeds to the same property set aside, and in the *McGovern case,* as here, suit was instituted to set aside deeds without attempting to set aside a will disposing of the same property in like manner. In neither situation were the complainants held to have an interest entitling them to sue. Manifestly, the petitioners are not, on the face of the record before us, interested parties and, hence, are not competent parties plaintiff.

Petitioners invoke section 54 of the Civil Practice act (Smith-Hurd Stat. 1935, p. 2432,) assert they have followed the procedure prescribed, and that, in consequence, they were entitled to have the suit revived as a matter of right as there remained only the ministerial act of entering an order of revival. Section 54 provides that where certain contingencies, such as death, occur after the commencement of a cause or proceeding, either before or after judgment and either in the trial or reviewing court, the action shall not abate, but an order may be made that the "successor in interest, if any," be made a party in substitution for or in addition to any other party, and that the cause or proceeding be carried on with the continuing parties and such new parties, with or without a change in the title of the cause, "on motion of anyone interested" supported by affidavit, and such reasonable notice of the order to any new parties to be brought in as the court or tribunal may designate in such order. The right of revival described in section 54 does not purport to be a matter of absolute right but is specifically limited to a "successor in interest, if any," and must be "on motion of anyone interested." So long as the will and codicil probated remained in full force and unimpeached, disposing of the property in precisely the same manner as the challenged trust agreement, the petitioners were not successors in interest or parties interested in the property within the contemplation of the plain terms of section 54.

The contention of petitioners that the court erred in denying their motion to vacate the order assailed is not well taken. On August 11, 1936, there had been no change of circumstances which would justify the court, in the exercise of a sound judicial discretion, in reconsidering the order.

The order of the superior court of July 17, 1936, is affirmed.

*Order affirmed.*