Claude Southerland, Charles Poshie and Earl Gray, as Trustees of Union Undertaking Company, Trading as The Union Funeral Service, for Use and Benefit of all Members of Local Union 1111, of United Mine Workers of America, Plaintiffs-Appellants, v. J. W. Copeland, Trading as J. W. Copeland Coal and Building Company, Defendant-Appellee.

Term No. 53–F–13.

Opinion filed May 20, 1953. Released for publication June 10, 1953.

F. P. HANAGAN, of Benton, for appellants.

FRANK E. TROBAUGH, and STEPHEN E. BRONDOS, both of West Frankfort, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Franklin county dismissing the amended complaint of plaintiffs-appellants, Claude Southerland, Charles Poshie and Earl Gray, as the trustees of the Union Undertaking Company, d/b/a The Union Funeral Service, for the Use and Benefit of All the Members of Local Union 1111, of the United Mine Workers of America (hereinafter called plaintiffs), as against the defendant-appellee, J. W. Copeland, d/b/a J. W. Copeland Coal and Building Company (hereinafter called defendant).

Plaintiffs in their complaint as amended, alleged that they are trustees of the Union Undertaking Company, presently doing business under the style of The Union Funeral Service, and that on May 29, 1947 said trustees were the owners of a 1947 model Cadillac automobile which was designed and used for regular ambulance service, and that on the same day the ambulance collided with a tractor-trailer belonging to the defendant as a result of defendant's negligence in parking and leaving the trailer upon the main traveled portion of the highway, contrary to the Illinois statutes.

Defendant filed a motion to dismiss, and in the alternative, to make more definite and certain, and contended, fundamentally, that plaintiffs are not a legal entity and have no legal capacity to sue at all, for the reason that plaintiffs are an unincorporated voluntary association. Other contentions were also asserted in the motion. The trial court allowed the motion on the ground that plaintiffs were not a legal entity and had no legal capacity to sue in an action at law, and the complaint was accordingly dismissed and judgment was entered barring plaintiffs from asserting the supposed cause of action and for costs in favor of defendant.

It is the contention of plaintiffs on appeal that the general proposition that an unincorporated association may not maintain a suit at law in its own name, is not applicable to the case at bar for the reason that the plaintiffs, as trustees in the case at bar, are the real parties in interest in the case and should maintain the action to preserve and protect the trust *res* (*Union Coal Co. v. City of LaSalle*, 136 Ill. 119, 128). It is a contention of plaintiffs that the general proposition that an unincorporated association has no legal entity as distinct from that of its members, and therefore cannot maintain a suit in its own name, has no application to a case such as the one at bar where the trustees

315

have been entrusted with the possession, management and control of a trust *res,* and bring suit to recover compensation for injury to the trust *res.* Plaintiffs contend that they have sufficient personal interest in the property as against strangers, to recover for such injury, and that they are the real parties in interest and not merely nominal parties (*Carpenters' Union v. Citizens' Committee,* 333 Ill. 225, 254). In essence, it is the contention of plaintiffs that while an unincorporated association could not sue or be sued in its own name, it might bring a suit through a legally appointed agent, committee, manager, or trustee.

There are no allegations of fact in the complaint showing that the title to the damaged automobile was in the plaintiffs, or the nature of any terms and provisions of any trust under which plaintiffs are trustees, or the right or authority or power of plaintiffs as trustees to institute the action, or the legal status or entity of plaintiffs, or the ownership of any claims sued for, or the rights of plaintiffs which have been violated by the defendant, or whether the trustees are representatives of the Union Undertaking Company, The Union Funeral Service, or Local Union 1111 of the United Mine Workers of America. The recital simply is that plaintiffs bring the action as "trustees of Union Undertaking Company, etc."

 It is recognized by both plaintiffs and defendant that an unincorporated association may not maintain an action at law in its own name. When such an association sues at law it must sue in the name of all the members comprising it, however numerous they may be (*Kingsley v. Amalgamated Meat Cutters,* 323 Ill. App. 353). The addition of the word "trustees" after the names of plaintiffs, without the allegation of any fact showing any trust or any ownership of the property by them as trustees, would not aid in avoiding the general principle prohibiting the maintenance of

316

an action in the names of the plaintiffs alone. The addition of the word "trustees" would be taken merely as "descriptio personae" of plaintiffs, and the failure of plaintiffs to show the right to maintain the suit would justify dismissal of the complaint (*Wells v. Durst Chevrolet Co.,* 341 Ill. 108). The pleading, in any case, must show the right and interest of the plaintiffs in the subject matter of the suit, and a complaint which does not show that as the requisite interest to enable plaintiffs to maintain their action, is properly dismissed. Where plaintiffs contend that they are actually suing in a representative capacity, the facts showing their right to do so should have been pleaded (*Schroeder v. Gerlach,* 366 Ill. 596; *Wells v. Durst Chevrolet Co., supra,* 110).

██ Under the facts as shown in the record the motion to dismiss was properly allowed. The judgment of the circuit court of Franklin county will, therefore, be affirmed.

*Judgment affirmed.*

BARDENS, P. J. and SCHEINEMAN, J., concur.