CRELLER v. BAER.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —OPPOSITE PARTIES—WAIVER.

Exclusion of testimony by defendants relative to delivery of deed to them by plaintiff and his deceased wife, mother of defendant wife, *held*, proper, where record does not substantiate defendants' claim that plaintiff had waived the provisions of statute barring testimony of an opposite party as to matters equally within the knowledge of a deceased party (CL 1948, § 617.65).

2. DEEDS—DELIVERY—PRESUMPTIONS—POSSESSION—EVIDENCE.

Delivery of a deed will be presumed where the grantee is in possession thereof, in the absence of testimony to prove there was no delivery, but such presumption is rebuttable.

3. ATTORNEY AND CLIENT—INSTRUMENT DRAFTED BY ATTORNEY IN OWN FAVOR.

An instrument drafted by an attorney in his own favor is looked upon with suspicion.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 355.
   Examination of witness as waiver of his incompetency to testify as to transactions or conversations of decedent. 159 ALR 411.
[2] 16 Am Jur, Deeds §§ 382, 397.
[3] 5 Am Jur, Attorney and Client §§ 50, 51.
[4] 16 Am Jur, Deeds §§ 392, 398, 402.

4. DEEDS—DELIVERY—EVIDENCE.
   Trial court's finding that deed by elderly couple to wife's daughter and her husband, defendants, should be set aside for lack of delivery and that there was testimony overcoming presumption of delivery is not disturbed, it appearing that defendant husband, an attorney, had drafted the deed, that there was little, if any, consideration therefor, and that plaintiff was not mentally keen at time deed was executed.

Appeal from Saginaw; Campbell (Howard L.), J., presiding. Submitted October 14, 1958. (Docket No. 46, Calendar No. 47,249.) Decided December 2, 1958.

Bill by William A. Creller against John W. Baer and Azalea A. Baer to set aside deed. Decree for plaintiff. Defendants appeal. Affirmed.

*Maurice Black,* for plaintiff.

*Stanton, MacKenzie, Cartwright & Walker (H. Monroe Stanton,* of counsel), for defendants.

DETHMERS, C. J. Defendants appeal from decree setting aside a deed purporting to convey to them title to real estate owned by plaintiff and wife by the entireties.

Defendant John W. Baer is an attorney who had been handling business affairs for plaintiff and wife. Defendant Azalea A. Baer, John's wife, was the daughter of plaintiff's wife by a previous marriage. The deed, drafted by defendant John W. Baer, was dated and purportedly executed by plaintiff and wife shortly before the latter's death, at a time when she was 73 years of age and physically and mentally infirm. Plaintiff was then 70 years of age. His testimony satisfies us that he was not mentally keen. There is no claim that defendants made any promises or gave other consideration for the deed.

A few days after the death of plaintiff's wife, defendant John W. Baer had the deed recorded and it was in his possession at time of trial.

Plaintiff testified that he had never discussed deeding the property to defendants either with them or his wife; that he had no recollection of signing the deed; that defendant John W. Baer was always "sticking stuff" in front of him to sign; that although the signatures on the deed were those of himself and his wife, he had not known that he was signing a deed and that he would not have signed it if he had known what it was and what it provided; that he had no knowledge of the whereabouts of the deed during the week apparently intervening between the dates when it was drawn and signed; that he and his wife had consulted no other attorney or person in this connection about giving defendants a deed; that all the valuable papers of plaintiff and wife were always kept by them in a metal box on a closet shelf; that a few days before the death of plaintiff's wife, when she was unable to know what was occurring and while she was being carried out of her home to be taken to a hospital, defendant John W. Baer took the metal box, telling plaintiff that he needed its contents to help him in making out plaintiff's income tax return; that after his wife's death defendants ransacked plaintiff's home from attic to basement, looking into drawers, et cetera, and taking many things; that he, the plaintiff never delivered the deed to defendants and had no knowledge of his wife ever having done so; that immediately upon her death defendant John W. Baer persuaded plaintiff to change his $7,000 bank account so as to make him joint owner with plaintiff and, also, to change beneficiaries of his life insurance policies, making them payable to his estate. At about the time defendant John W. Baer drafted the deed he also drew a joint will, by the terms of which Azalea A. Baer

was to become the chief beneficiary of the estates of plaintiff and wife. Plaintiff testified that, although the will bore his and his wife's signatures, he could not remember signing it, that he did not know he had made a will of such purport, and that he certainly had no such intention; that upon the death of plaintiff's wife defendant took money from plaintiff's home and his wife's purse and paid bills and generally took over control of the affairs of plaintiff and wife, without plaintiff's consent, at a time when he was too grief stricken to make effective protest.

For plaintiff, it is contended that the deed was never delivered to defendants and it is suggested that possession of it could only have been acquired by them through defendant John W. Baer's taking of the metal box during the wife's ebbing lifetime or, after her death, when defendants ransacked the house. Testimony of defendants to establish delivery of the deed by plaintiff and wife to them, contained in a separate record, was excluded as relating to matters equally within the knowledge of the deceased. Defendants contend that the exclusion was in error on the ground that plaintiff had waived the provisions of the statute. CL 1948, § 617.65 (Stat Ann § 27.914). Defendants fail to point out the particulars of such alleged waiver and our examination of the record does not so persuade us. The exclusion was proper.

Defendants rely on *In re Herbert's Estate,* 311 Mich 608, 613, in which this Court said:

"It is equally well settled that in the absence of testimony to prove there was no delivery, the law will presume a delivery from the possession of the instrument by the grantee or donee. *Dawson* v. *Hall,* 2 Mich 390; *Wilbur* v. *Grover,* 140 Mich 187."

They say that there is no testimony of nondelivery in this case and that their possession of the deed and its recording establish a presumption of delivery which stands on the record unrebutted. That the presumption is rebuttable is settled, as was recognized by express language in the *Herbert Case.* See cases therein cited which so hold.

An instrument drafted by an attorney in his own favor is looked upon with suspicion. *Abrey* v. *Duffield,* 149 Mich 248. When elderly, infirm persons, for grossly inadequate or no consideration whatsoever and without independent advice or counsel divest themselves of their property in favor of one in a position of confidential relationship to them, "equity will not stand by with folded arms." *Clement* v. *Smith,* 293 Mich 393, 396; *Seeley* v. *Price,* 14 Mich 541; *Beattie* v. *Bower,* 290 Mich 517. With these principles in mind and upon examination of plaintiff's testimony, we are not disposed to say that, had we been in the position of the trial court, we would have held contrary to his holding that the presumption of delivery was overcome, that there was no delivery of the deed or intention to deliver it, and that equity and good conscience require that it be set aside.

Affirmed, with costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.