17 Mich. App. 541 (1969)
170 N.W.2d 166
In re KARABATIAN'S ESTATE
KHEDERIAN
v.
HNOT
Docket No. 4,442.
Michigan Court of Appeals.
Decided May 29, 1969.
Royden E. Jones, for proponent.
Thomas Khederian, in propria persona.
*543 BEFORE: LESINSKI, C.J., and T.M. BURNS and J.J. KELLEY,[*] JJ.
KELLEY, J.
An attorney in no way related to Sam Karabatian, drafted a will for him in which the attorney was to receive a bequest for $10,000 and was named executor. Using a different scrivener, Karabatian subsequently made another will in which he left the attorney nothing. After Karabatian's decease, the attorney contested admission of the later will to probate, claiming that the decedent was a victim of an insane delusion. This appeal follows an order granting proponent's motion for a directed verdict, made at the conclusion of contestant's proofs.
Of the numerous questions contestant raises, only three are deemed worthy of consideration.
1. Whether the court erred in directing the jury to return a verdict in favor of proponent at the close of contestant's case, as being against the weight of the evidence and contrary to law.
"`An insane delusion exists when a person persistently believes supposed facts which have no real existence, and so believes such supposed facts against all evidence and probabilities and without any foundation or reason for the belief, and conducts himself as if such facts actually existed.' * * * If there are any facts, however little evidential force they may possess, upon which the testator may in reason have based his belief, it will not be an insane delusion, though on a consideration of the facts themselves his belief may seem illogical and foundationless to the court; for a will, it is obvious, is not to be overturned merely because the testator has not reasoned correctly." In re Solomon's Estate (1952), 334 Mich 17, 27, 28.
*544 Contestant had the burden of proving that the testator believed his statements, that he had no reasonable information or evidence supporting them, and that, but for such belief, he would not have excluded contestant from his will. In re Solomon's Estate (1952), 334 Mich 29.
Did contestant's evidence, viewed most favorably to him (Ingram v. Henry [1964], 373 Mich 453, 455) establish that decedent had no reasonable information or evidence to support his claimed delusion?
Late in 1962, decedent, needing legal services, contacted contestant. About 15 months later contestant acted as scrivener of decedent's earlier will which provided a $10,000 bequest to contestant and named him executor.
Decedent was very disturbed about hospitals and feared them. On July 30, 1966, decedent called contestant three times, saying he was extremely ill, had great pain and couldn't breathe, and begging contestant to take him to a drugstore to get more of his medicine, which had run out. Contestant told deceased "I will be right down" and "I will take you to the drugstore". About 15 minutes later contestant called deceased and told him "I am not taking you to a drugstore, I have got to get you committed to the hospital." Contestant never took decedent to a drugstore. Instead, when he could not reach decedent's doctor, contestant called the police department who in turn had the fire department take decedent to the Wayne County General Hospital in which he spent the next four days. One week after his release he made the will here being offered for probate, which gave contestant nothing. He told the attorney who drafted the later will that he didn't want anything to do with contestant because contestant had put him or attempted to put him in an insane asylum.
*545 Although contestant did not attempt to place decedent in an insane asylum, there existed ample factual basis from which decedent may have reasoned, even though incorrectly, that he had attempted to do so. Contestant having clearly established, rather than disproved, the existence of a factual basis for decedent's belief, there remained no fact to be submitted to the jury.
2. Whether the motion for directed verdict stated specific grounds as required by GCR 1963, 515.1.
As grounds, proponent stated that the burden of proving an insane delusion was upon the party contesting the will and that contestant had failed to show that there were no facts upon which the testator could have arrived at his declared conclusion.
"The purpose of the specification of grounds is to give the party against whom the motion is made an opportunity to reassess his proof and repair his case, if advisable, and to provide the focus for review of the ruling granting or denying the motion for directed verdict, in the event of an appeal." 2 Honigman and Hawkins, Michigan Court Rules Annotated, (2d ed), p 529.
The proponent stated specific grounds.
3. Contestant states the third question thus:
"Whether the court erred in that he expressed during the introduction and thereafter of his ruling on the directed verdict that the appellant had improperly conducted himself and was unethical and this on a matter irrelevant and immaterial to the issue involved."
Contestant refers to a statement made by the trial judge in ruling on proponent's motion, questioning the ethics of a lawyer's naming himself as beneficiary in a will drafted for a client.
Attorneys-at-law are recognized officers of the court. Johnson v. DiGiovanni (1956), 347 Mich 118, *546 127. The conduct of every officer of a court is always the subject of inquiry and supervision on the part of the court. In re Radford (1909), 159 Mich 91, 93.
In questioning the ethics of contestant's actions the court was fulfilling a duty to exercise supervisory control over an attorney's professional conduct.
Moreover, such conduct was relevant and material to the subject matter of the case.
Not being related to decedent, contestant has standing to contest the later will solely by virtue of his having been named as beneficiary in the earlier will.
Long ago in Abrey v. Duffield (1907), 149 Mich 248, 259, our Supreme Court condemned the practice followed by contestant:
"By statute, a bequest to a subscribing witness, necessary for proving the will, is declared absolutely void * * * and this, though the subscribing witness may be and generally is ignorant of the contents of the will. Although there is no statute to invalidate a bequest to a scrivener, the reasons are, at least, as strong for such a statute as in the case of the subscribing witness. I believe it to be generally recognized by the profession as contrary to the spirit of its code of ethics for a lawyer to draft a will making dispositions of property in his favor, and this court has held that such dispositions are properly looked upon with suspicion."
In 1965 the same court, in another case involving considerable time and expense, quoted the foregoing, saying:
"Indeed, this Court almost 60 years ago bluntly warned the profession against such conduct." In re Powers Estate (1965), 375 Mich 150, 181.
Apparently warnings do not suffice. If an attorney's conduct so violates the spirit of the lawyer's *547 code of ethics, it also runs contrary to the public policy of this state. The bequest to contestant being void, he has no standing to contest the later will.
Affirmed. Proponent may tax costs.
All concurred.
NOTES
[*] Circuit Judge, sitting on the Court of Appeals by assignment.