## HABERSACK v RABAUT

Docket No. 77-4756. Submitted August 27, 1979, at Detroit.—Decided November 5, 1979.

Joseph E. Habersack, special administrator of the estate of Anna J. Habersack, brought an action to secure from Louis Rabaut, III, the deceased's attorney, and his wife Doris funds which had been in a bank account held jointly with rights of survivorship by the deceased and Louis Rabaut, III. The proofs showed that a bank account held jointly by the deceased, the defendant and Rosalie Habersack, plaintiff's wife, was established upon the death of deceased's husband. The funds in that joint account were thereafter transferred to a joint account held by the deceased and the defendant only, after a general deterioration in the relationship between the deceased and plaintiff, the deceased's adopted son. The deceased died intestate. On the day of the deceased's death, defendant withdrew the entire amount in the account and completed funeral arrangements pursuant to the deceased's request. In his complaint, plaintiff alleged that the transfer of the funds must be set aside because the transfer did not meet the requirements for either a gift inter-vivos or a testamentary disposition. Plaintiff further alleged that the transfer was improperly induced, in that the defendant exercised undue influence over the deceased. The Wayne Circuit Court, Thomas J. Foley, J., finding that the transfer was made pursuant to a statutorily authorized method and that the defendant had rebutted any presumption of undue influence, dismissed the plaintiff's complaint and entered a judgment of no cause of action in favor of the defendant. Plaintiff appeals. *Held:*

1. The Court of Appeals reviews chancery cases de novo and

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 703, 822.

[2, 3] 10 Am Jur 2d, Banks § 369.
  Construction and effect of UCC Article 4, dealing with bank deposits and collections. 18 ALR3d 1376.

[4] 25 Am Jur 2d, Duress and Undue Influence § 44.

[5] 25 Am Jur 2d, Duress and Undue Influence § 46.

[6] 25 Am Jur 2d, Duress and Undue Influence § 46 *et seq.*

will not reverse or modify the trial court's determination unless it is convinced that it would have reached a different result had it occupied the position of the trial court. Considerable weight is given to the trial court's findings of fact because of the trial court's special opportunity to hear the evidence and see the witnesses before it.

2. The creation of a joint bank account with rights of survivorship is governed by statute, and, as such, a valid transfer of title to funds held in a joint account so created need not satisfy the requirements and formalities necessary for valid transfers of title by inter-vivos gift or by will. Funds in a bank account held jointly with rights of survivorship, where the account was created in accordance with the statutory requirements, are statutorily presumed to be the property of the survivor.

3. A presumption that a benefit was procured by undue influence arises where a person in a confidential or fiduciary relationship receives a benefit from the person to whom fidelity and integrity were owed.

4. Defendant's statutory presumption of title to the funds held in the joint bank account was reduced to a permissible inference by reason of the countervailing presumption of undue influence arising out of the fiduciary relationship. Defendant, aided by the permissible inference, had the burden to show, by a preponderance of the evidence, the absence of undue influence in securing the joint bank account.

5. Despite the disfavor with which transactions in which a benefit is conferred upon an attorney by his client are viewed, the evidence supports the trial court's finding that the deceased intended the funds in the jointly held bank account to go to defendant and that defendant had not exercised undue influence in securing that benefit from the deceased.

Affirmed.

1. APPEAL AND ERROR — CHANCERY — DE NOVO REVIEW — EVIDENCE.

    The Court of Appeals reviews chancery cases de novo and will not reverse or modify the trial court's determination unless it is convinced, after giving the trial court's findings of fact considerable weight because of the trial court's special opportunity to hear the evidence and see the witnesses before it, that it would have reached a different result had it occupied the position of the trial court.

2. BANKS AND BANKING — JOINT BANK ACCOUNTS — TRANSFER OF TITLE — STATUTES.

    The vesting of title to funds in another by the creation of a joint

bank account with rights of survivorship is governed by statute, and, thus, a valid transfer of title to funds held in an account so created need not satisfy the requirements and formalities necessary to validly transfer title by inter-vivos gift or by will (MCL 487.703; MSA 23.303).

3. BANKS AND BANKING — JOINT BANK ACCOUNTS — PRESUMPTIONS — SURVIVORS — STATUTES.

Funds placed in a bank account held jointly with rights of survivorship are statutorily presumed to be intended to be the property of the survivor (MCL 487.703; MSA 23.303).

4. EVIDENCE — PRESUMPTIONS — FIDUCIARIES — UNDUE INFLUENCE.

A presumption that a benefit was procured by undue influence arises where a person in a confidential or fiduciary relationship receives a benefit from the person to whom fidelity and integrity were owed.

5. EVIDENCE — PRESUMPTIONS — INFERENCES — BURDEN OF PROOF.

The statutory presumption of title to funds in a bank account held jointly with rights of survivorship is reduced to a permissible inference where the surviving joint tenant to the account owed a fiduciary duty to the deceased person who created the account; the joint tenant, aided by that permissible inference, must show, by a preponderance of the evidence, the absence of undue influence in securing the joint tenancy.

6. BANKS AND BANKING — JOINT BANK ACCOUNTS — INTENT — UNDUE INFLUENCE — SUFFICIENCY OF EVIDENCE.

There was sufficient evidence to support a finding that a deceased person intended that funds in a bank account, held by the deceased jointly with rights of survivorship with the deceased's attorney, should go to the attorney and that there had not been undue influence where the evidence showed that the deceased intended to disinherit her son, that the deceased was mentally alert when she opened the joint bank account, that the attorney provided friendship as well as professional advice to the deceased and that the attorney neither requested payment nor was paid for his professional services.

*M. Glenn Grossman,* for plaintiff.

*William Murray,* for defendants.

Before: J. H. GILLIS, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

N. J. KAUFMAN, J. Plaintiff appeals as of right
from a judgment of no cause of action in favor of
defendant rendered by the Wayne County Circuit
Court. As a result of this judgment, plaintiff's
complaint to set aside a property transfer, in the
form of a joint bank account with rights of survi-
vorship, to defendant from plaintiff's decedent was
dismissed.

Plaintiff is the adopted son of the decedent,
Anna Habersack, and her late husband Joseph.
Defendant is an attorney who was an acquaint-
ance of and a legal representative to the Haber-
sacks.[1] After Joseph Habersack Sr. died, defendant
acted as Anna's legal representative in establish-
ing a joint bank account in the name of Anna
Habersack, himself, and Rosalie Habersack—plain-
tiff's wife. Later, at Anna Habersack's request, the
funds in this account were transferred to another
joint bank account in the names of Anna and
defendant only. Evidence adduced at trial indi-
cated that this transfer came about due to a
general deterioration in the relationship between
Anna and the plaintiff. A total of $43,112.52 was
placed on deposit in this new account. Defendant
indicated that he would not have withdrawn any
of this money without Anna's consent, but that
she could have withdrawn any or all of it during
her lifetime.

In 1972, defendant withdrew $20,000 from the
account and paid off a land contract on property
he owned with his wife. In return, defendant gave
Anna a mortgage for that amount at seven percent
interest. He made two payments to the account on
this mortgage before Anna's death. Anna died in
March, 1973. She left no will. On the day of her

---

[1] The use of the term "defendant" throughout this opinion refers
solely to the individual defendant, Louis Rabaut, III.

death, defendant withdrew the entire amount in the account, and completed the funeral arrangements as per her request.

At this point, plaintiff filed a complaint challenging the property transfer on the grounds that it did not meet the requirements of either a gift inter-vivos or a testamentary disposition. Additionally, plaintiff alleged the transfer was improperly induced in that defendant had exercised undue influence over Mrs. Habersack. The trial court dismissed plaintiff's complaint, finding that the transfer was made pursuant to a statutorily authorized method and that defendant had rebutted any presumption of undue influence which arose out of the confidential relationship. Therefore, defendant was held entitled to the funds in the joint account. Plaintiff's subsequent motion for a new trial or a judgment notwithstanding the verdict was denied. From these adverse determinations, plaintiff takes this appeal.

This case involves an action sounding in equity. *Jacques v Jacques,* 352 Mich 127; 89 NW2d 451 (1958). It is well settled in Michigan that, although chancery cases are reviewed de novo, this Court does not reverse or modify the determination of the trial court unless convinced that it would have reached a different result had it occupied the position of the trial court. *Wells v Wells,* 330 Mich 448; 47 NW2d 687 (1951), *Ford v Howard,* 59 Mich App 548, 552; 229 NW2d 841 (1975). Moreover, this Court accords considerable weight to a trial court's findings of fact in an equity case in light of its special opportunity to hear the evidence presented and see the witnesses before it. GCR 1963, 517.1, *Stachnik v Winkel,* 394 Mich 375, 383; 230 NW2d 529 (1975).

Plaintiff's arguments in this appeal restate the

same claims he raised before the trial court. We find plaintiff's first argument unsupported. The vesting of title to funds in another by the creation of a joint bank account with rights of survivorship is a special statutory method to transfer title. Thus, common law gift inter-vivos requirements and/or statutory formalities for the making of a will need not be complied with. See MCL 487.703; MSA 23.303 and *Jacques v Jacques, supra,* 134.

As to the plaintiff's second allegation, it should be noted that the statutory provision authorizing creation of joint bank accounts with rights of survivorship, MCL 487.703, *supra,* creates a presumption that funds placed in such accounts are intended to be the property of the survivor. *Kirilloff v Glinisty,* 375 Mich 586, 589; 134 NW2d 707 (1965). However, this presumption in defendant's favor was countered by another presumption which arose out of the instant factual situation. Where parties are involved in a confidential or fiduciary relationship and trust and confidence is reposed by one in the integrity and fidelity of another, and where the latter receives benefits as a result of such relationship, there arises a presumption that such benefits were procured by the exercise of undue influence. *In re Wood Estate,* 374 Mich 278, 286; 132 NW2d 35 (1965).

Due to this latter presumption, the burden devolved upon the defendant to show, by a preponderance of the evidence, that undue influence was not operative. *In re Wood, supra.*[2] In satisfying this

[2] We must stress that all transactions between an attorney and his client are closely scrutinized by the courts, and the measure of good faith which an attorney must exercise in such dealings is much higher than is required in situations where the parties trade at arm's length. See 7 Am Jur 2d, Attorneys at Law, §§ 94-96, pp 106-108; 19 ALR3d 575 and 57 ALR3d 703.

This higher duty of good faith arises due to the fiduciary nature of the relationship. This fiduciary nature was recognized in *In re Hart-*

burden, the defendant is benefited by a permissible inference that the joint bank account was intended to pass to the survivor. This permissible inference remains as a vestige of the rebutted statutory presumption. *Kirilloff v Glinisty, supra,* 589.

The evidence adduced in the trial court indicated that deceased had intended to disinherit her son, as shown by her previous wills and by statements she made to various other disinterested persons. There was evidence that the deceased was mentally alert when she opened the joint account and that she knew its implications. There was testimony that defendant provided friendship as well as professional advice to deceased and often visited her at the nursing home and, later, in the hospital. Moreover, the defendant neither requested payment nor was paid for his professional services. We find this evidence sufficient to support the trial court's findings that deceased intended the money in the account to go to defendant, and that defendant did not exercise undue influence over deceased. We are not convinced that we would have reached a different result if we were in the position of the trial court. *Wells v Wells, supra.*

Thus, although we look with disfavor upon the type of transactions engaged in by the defendant attorney herein, see footnote 2, based upon the evidence presented to the trial court, we cannot say that the trial court abused its discretion in

*Ierode's Estate,* 183 Mich 51, 60; 148 NW 774 (1914), where the Supreme Court stated:

"There are certain cases in which the law indulges in the presumption that undue influence has been used, as where a patient makes a will in favor of his physician, a client in favor of his lawyer, or a sick person in favor of a priest or spiritual adviser, whether for his own personal advantage, or for the advantage of some interest of which he is a representative. This rule has been recognized and applied by us."

holding that defendant can claim the funds deposited as the survivor of the account he held jointly with his client.

Affirmed.