*In re* BARNHART ESTATE

Docket Nos. 63729, 66088. Submitted March 17, 1983, at Detroit.—
    Decided July 19, 1983. Leave to appeal applied for.

   Charles Barnhart died testate. Under the terms of the will,
      Barnhart left everything he owned to Gerald F. Doherty, the
      attorney who drafted the will, and named him as executor of
      Barnhart's estate. In addition, nine months prior to his death,
      Barnhart, with Doherty's help, set up a revocable living trust,
      with the corpus to pass to Doherty on Barnhart's death. Barn-
      hart's only other asset, an automobile, was allegedly given to
      Doherty before Barnhart died. Doherty sold the vehicle. The
      Attorney General filed a petition to intervene into the probate
      proceedings after Doherty filed a petition in Macomb Probate
      Court to commence probate proceedings. The Attorney General
      claimed that the State of Michigan was interested in the estate
      of Barnhart because he had died without heirs and challenged
      the will claiming that Barnhart was incompetent or lacked the
      capacity to make a will when it was executed. He also alleged
      that Doherty had subjected Barnhart to duress or undue influ-
      ence. The Attorney General later filed a petition to set aside
      the trust agreement because of Barnhart's alleged lack of
      mental capacity, subjection to duress or undue influence, lack
      of independent legal advice, and mistake of fact. In addition,
      the Attorney General attempted to void the transfer of Barn-

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Escheat §§ 45, 46.
 ·73 Am Jur 2d, Statutes § 272.
[2] 73 Am Jur 2d, Statutes §§ 255–257.
[3] 76 Am Jur 2d, Trusts § 71.
[4] 76 Am Jur 2d, Trusts § 433.
[5] 76 Am Jur 2d, Trusts §§ 438, 576.
[6] 27 Am Jur 2d, Escheat § 8.
[7] 27 Am Jur 2d, Escheat §§ 30, 34.
[8, 9] 7 Am Jur 2d, Attorneys at Law § 124.
[9] 7 Am Jur 2d, Attorneys of Law § 310.
   Undue influence in gift to testator's attorney. 19 ALR3d 575.
[10] 80 Am Jur 2d, Wills § 913.
   Powers and duties of a public administrator. 56 ALR2d 1183.

hart's automobile to Doherty. Doherty moved to strike the Attorney General's petition to set aside the trust due to a lack of standing on the part of the Attorney General. The court, Lawrence P. Zatkoff, J., granted Doherty's motion and denied the Attorney General's petition to set aside the trust document. The Attorney General then filed a petition for court supervision of the instrument purported to be the revocable living trust of the decedent. The court, Lawrence P. Zatkoff, J., denied the petition for supervision. The Attorney General subsequently filed a petition asking for imposition of a constructive trust. The imposition of a constructive trust was denied, James F. Nowicki, J. The court held that the Attorney General does not have the authority to attempt to set aside the trust itself in the probate proceedings although he does have the power to intervene in the probate proceedings concerning the will. The Attorney General filed separate appeals addressing the probate court's striking of his petition to intervene in the probate proceedings and the denial of his petition for creation of a constructive trust. The appeals have been consolidated. *Held:*

1. The trial court erred in not allowing the Attorney General to challenge the validity of the trust. The Attorney General has a statutory duty to protect the interest of the state in any property which is escheatable. The probate court's interpretation would severely limit the Attorney General's duty to institute proceedings to marshal, protect, and conserve escheatable property and would frustrate the purpose of the statute. The Attorney General has the right to intervene in this case and contest the validity of the trust and petition for a constructive trust.

2. The fact that other parties exist who are interested in the property and who can adequately protect their interests does not prevent the Attorney General from intervening.

3. Doherty has failed to meet his burden of showing that he did not unduly influence Barnhart in the creation of the trust under which he had the right of survivorship. The parties should be allowed to fully litigate this issue.

4. The trial court erred in striking the Attorney General's petitions to intervene and for creation of a constructive trust. Both orders of the probate court are reversed.

Reversed and remanded.

CYNAR, J., concurred in the reversal but his basis for reversal is that, under the circumstances of this case, public confidence in the judicial process would be ill served by a summary disposition affirming the trial court's order granting Doherty's

motion to strike the Attorney General's petition to intervene although the Attorney General's allegations are conclusory and not supported by the record.

OPINION OF THE COURT

1. ESCHEAT — ATTORNEY GENERAL — STATUTES — JUDICIAL CONSTRUCTION.

The statute which imposes a duty on the Attorney General to protect the interest of the state in any property which is escheatable is to be broadly construed (MCL 567.13, 567.74; MSA 26.1053[3], 26.1053[64]).

2. STATUTES — POTENTIAL CONFLICT — INTERPRETATION.

Statutes which arguably cover the same subject matter and which potentially conflict must be construed to preserve the intent and meaning of each, and, where possible, interpreted in such a way that neither denies the effectiveness of the other.

3. TRUSTS — HEIRS — ACTIONS TO SET ASIDE TRUSTS.

An heir has standing to bring an action to set aside a trust entered into by a decedent prior to his or her death.

4. TRUSTS — PERSONAL REPRESENTATIVES — TRANSFERRED ASSETS.

A personal representative can contest a trust agreement whereby a decedent transferred assets prior to his death and can raise questions as to the validity of the transfer.

5. TRUSTS — CONVEYANCE OF ASSETS — CREDITORS — RIGHT TO CONTEST CONVEYANCE.

A creditor has standing to contest conveyances which had been made by a decedent to a trustee which would prevent the collection of his claim.

6. TRUSTS — ATTORNEY GENERAL — ESCHEAT — RIGHT TO CONTEST TRUST.

The Attorney General has the right to contest the validity of a trust created by a decedent prior to his death where the decedent's property may be subject to escheat (MCL 700.181; MSA 27.5181).

7. ATTORNEY GENERAL — INTERVENTION IN PROBATE PROCEEDINGS.

The Attorney General may intervene in a probate proceeding where a decedent's property may be subject to escheat even though a number of other parties have interests in the property and can adequately protect themselves.

8. Attorney and Client — Drafting of Instruments — Instru-
    ments Benefitting Attorney.

    An instrument drafted by an attorney in his own favor is looked
    upon with suspicion.

9. Attorney and Client — Joint Accounts — Right of Survivor-
    ship — Undue Influence — Burden of Proof.

    An attorney who creates an account with his client in which the
    attorney retains the right of survivorship has the burden of
    showing that he did not unduly influence his client.

### Concurrence by Cynar, J.

10. Wills — Trusts — Attorney General — Petitions To Inter-
     vene — Denial of Intervention — Appeal.

    *Reversal of a trial court's order granting a respondent's motion to
    strike a petition filed by the Attorney General by which the
    Attorney General challenged a will and sought to set aside a
    trust agreement allegedly executed by the decedent during his
    lifetime based upon allegations of the decedent's lack of mental
    capacity, subjection to duress or undue influence, lack of inde-
    pendent legal advice and mistake of fact is advisable where,
    although the Attorney General's allegations are conclusory and
    not supported by the record, public confidence in the judicial
    process would be ill served by a summary disposition affirming
    the trial court's order.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Irving B. Feldman,* As-
sistant Attorney General, State Public Administra-
tor, and *James P. Delaney* and *Mary Louise Al-
brecht,* Assistants Attorney General, for petitioner.

*James T. Miller,* for respondent.

Before: T. M. Burns, P.J., and Cynar and P. J.
Marutiak,* JJ.

T. M. Burns, P.J. On March 24, 1982, the trial
court entered an order granting respondent's mo-
tion to strike the Attorney General's petition. On

* Circuit judge, sitting on the Court of Appeals by assignment.

July 16, 1982, the trial court[1] denied the Attorney General's petition for a constructive trust. Petitioner appeals from both orders as of right. These appeals have been consolidated.

Charles Barnhart died on August 25, 1981. Within a few hours after Barnhart died, respondent (Barnhart's attorney) filed a petition to commence probate proceedings. The will (drafted by respondent about a year earlier) not only listed respondent as executor but also left everything to him. About nine months before he died, Barnhart (with respondent's help) set up a revocable living trust. The trustee would make payments to Barnhart as he requested in writing during his life.[2] The corpus was to pass to respondent when Barnhart died. When the trust was set up, the corpus was $80,983.62. The only other asset involved in this case is a 1980 Buick Sedan which Barnhart bought in November, 1980, for about $10,300. The car was allegedly given to respondent, who later sold it to someone else for $7,500.

Eventually, petitioner intervened into the probate proceedings. He claimed that the State of Michigan was interested in Barnhart's estate because he had died without heirs and challenged the will claiming that Barnhart was incompetent or lacked the capacity to make a will when it was executed. He also alleged that respondent had subjected Barnhart to duress or undue influence. Later, petitioner filed a petition to set aside the trust agreement because of Barnhart's alleged lack of mental capacity, subjection to duress or undue influence, lack of independent legal advice, and

---

[1] Actually two different probate court judges issued the different orders. We have referred to both as "the trial court" for convenience.

[2] Petitioner alleges that Barnhart was illiterate beyond the ability to sign his own name.

mistake of fact. Petitioner further attempted to void the transfer of the car to respondent.

MCL 700.181; MSA 27.5181 states:

"(1) When a petition for the appointment of a personal representative of the estate of a deceased person is filed with the court and it appears from the petition that the decedent died intestate without leaving any known heirs, when it appears during the course of administration of an intestate estate that the decedent did not leave any known heirs, or when a petition is filed for the administration of the estate of a testate decedent and from the petition it appears that the devisees of the purported will would not be entitled to share in the estate but for the terms of the will and that the decedent died without leaving any known heirs; the petitioner * * * shall immediately serve notice of hearing * * * upon the attorney general * * *.

"(2) In any such case, the attorney general, representing the state, shall have all the rights of any heir, representative or creditor to be heard and to contest the validity of any claim, order, appointment or any instrument purporting to be a contract or will of the decedent, and shall have all the rights granted or accruing to an heir, representative, or creditor by laws relating to the settlement of testate or intestate estates in the probate court or by way of appeal."

No one argues that the Attorney General does not have the power to intervene in the probate proceedings regarding the will itself. *In re Estate of Matt Miller,* 274 Mich 190; 264 NW 338 (1936). See also *In re Karabatian's Estate,* 17 Mich App 541; 170 NW2d 166 (1969).

The trial court, however, held that the Attorney General does not have the authority to attempt to set aside the trust itself in the probate proceedings. The trial court interpreted the words in MCL 700.181(2); MSA 27.5181(2), "In any such case" as limiting the Attorney General's power to situa-

tions enumerated in MCL 700.181(1); MSA 27.5181(1). The court reasoned that, since the right to attack an inter vivos trust is not specifically listed, the Attorney General does not have that power in the probate proceedings.

The trial court erred in not allowing the Attorney General to challenge the validity of the trust. The Michigan Code of Escheats, MCL 567.11 *et seq.;* MSA 26.1053(1) *et seq.,* at § 3, places a duty on the Attorney General to protect the interest of the state in any property which is escheatable:

"Whenever the attorney general has knowledge of any property which has escheated, is subject to escheat or escheatable to the state, it shall be his duty to protect the interests of the state therein and he shall immediately cause to be instituted appropriate proceedings in accordance with the general laws of this state and as in this act provided, for the purpose of marshalling, protecting and conserving such property, and he shall represent the state and protect its interests, in and to such property as well as that of the owners and/ or their unknown heirs-at-law." MCL 567.13; MSA 26.1053(3).

This statute is to be construed broadly. MCL 567.74; MSA 26.1053(64).

The trial court's interpretation of MCL 700.181; MSA 27.5181 would severely limit the Attorney General's statutory duty to institute proceedings to marshal, protect, and conserve escheatable property. Statutes should not be construed to create such conflicts. *Paquin v Northern Michigan University,* 79 Mich App 605; 262 NW2d 672 (1977).

Statutes should also be construed to effectuate their purpose. *Zawacki v Detroit Harvester Co,* 310 Mich 415; 17 NW2d 234 (1945). MCL 700.181(2); MSA 27.5181(2) specifically gives the Attorney General "all the rights granted or accruing to an

heir, representative, or creditor". Clearly the purpose of this statute is to grant the Attorney General the same rights as an heir, representative or creditor in situations where a decedent dies leaving no known heirs. An heir has standing to bring an action to set aside a trust entered into by a decedent prior to his or her death. See *Schroeder v Gerlach,* 366 Ill 596; 10 NE2d 332; 112 ALR 1399 (1936). A personal representative can also contest a trust agreement whereby a decedent transferred assets prior to his death and can raise questions as to the validity of the transfer. *Chandler v White,* 244 Mich 532; 221 NW 618 (1928). A creditor has standing to contest conveyances which had been made by decedent to a trustee which would prevent the collection of his claim. Bogert, Trusts and Trustees (2d ed rev), § 211, p 69.

The trial judge's interpretation would frustrate the purpose of this statute. *Zawacki, supra.* An heir, representative, or creditor has the right to contest the validity of a trust created by the decedent prior to his death. MCL 700.181; MSA 27.5181 grants this right to the Attorney General when property may be subject to escheat. Consequently, the Attorney General has the right to intervene in this case, and contest the validity of the trust and petition for a constructive trust on the proceeds of the sale of the car.

Respondent also argues that petitioner should not be allowed to intervene because a number of others have interests in the property and can adequately protect themselves. However, even if an interest is already adequately represented, the Attorney General may intervene. *In re Lewis' Estate,* 287 Mich 179; 283 NW 21 (1938); *Van Stock v Bangor Twp,* 61 Mich App 289, 299-301; 232 NW2d 387 (1975), *lv den* 395 Mich 806 (1975).

We also note that an instrument drafted by an

attorney in his own favor is looked upon with suspicion. *Creller v Baer,* 354 Mich 408; 93 NW2d 259 (1958). Also, when an attorney creates an account with his client in which he retains the right of survivorship, he has the burden of showing that he did not unduly influence his client. *Habersack v Rabaut,* 93 Mich App 300; 287 NW2d 213 (1979). It appears that respondent drafted a trust agreement for Barnhart in which the trust corpus was to pass to respondent upon Barnhart's death. Thus, even though the record may not fully support the Attorney General's contentions, it does show that respondent has failed to meet his burden. Considering these facts, the parties should be allowed to fully litigate this issue.

The trial court erred in striking petitioner's petitions. Therefore, both orders are reversed.

Reversed and remanded.

P. J. MARUTIAK, J., concurred.

CYNAR, J. *(concurring).* Because my basis for reversal differs from the majority, I feel compelled to concur separately, relying on the following reasoning. The Attorney General challenged the alleged will and filed a petition to set aside a trust agreement allegedly executed by Charles Barnhart during his lifetime based upon allegations of Barnhart's lack of mental capacity, subjection to duress or undue influence, lack of independent legal advice and mistake of fact. The allegations at best are conclusory. The record does not factually support the petitioner's contentions. The deposition of respondent is not helpful to the petitioner. At this point, however, considering the trust and confidential relationship involved, public confidence in the judicial process would be ill served by a summary disposition affirming the trial court's order granting respondent's motion to strike.